[L.A. No. 27727.   In Bank.   May 7, 1964.]

A. ANDREW HAUK, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THOMAS B. DeMOTT et al., Real Parties in Interest.

Richard A. Perkins for Petitioner.

No appearance for Respondent.

George Magit for Real Parties in Interest.

SCHAUER, J.—In this proceeding we issued an alternative writ of mandamus for the purpose of reviewing an order of respondent court in which it refused to compel the real parties in interest (hereinafter referred to as defendants) to answer certain questions propounded at their depositions on oral interrogatories.

The unanswered questions relate to defendants' gains and profits from certain business transactions, and the issue is whether it is within the discretion of the trial court to postpone compelling defendants to answer such questions until plaintiff has first established his right to an accounting. For the reasons hereinafter discussed, we have concluded that plaintiff is entitled to have the questions answered without first establishing his right to the accounting.

In the underlying action, plaintiff seeks an accounting from defendant DeMott of the latter's gains and profits derived from the promotion of a project known as the Pomona Valley Colleges Industrial Park Center. Plaintiff alleges that in consideration of services rendered in connection with and assisting in the promotion of the project, defendant DeMott had orally promised to pay plaintiff one-half of all gains and profits which DeMott expected to receive therefrom.[1] DeMott allegedly has received such profits, but has

---

[1]Defendants allege that the transaction between plaintiff and DeMott is illegal because it is based on profits derived from an illegal agreement between DeMott and defendant Burgess, a licensed real estate

refused to disclose to plaintiff any information on them. Therefore, plaintiff brought the present action, and pursuant to notice, took the depositions of DeMott and Burgess, who answered certain questions but refused to answer others. Upon application for an order directing defendants to answer the subject questions, the trial court ordered several questions answered, but refused to require answers to the questions pertaining to gains and profits from the project. Although defendants had sought a protective order under subdivision (b) of section 2019 of the Code of Civil Procedure[2] alleging that plaintiff's questions would subject them to "annoyance, embarrassment, or oppression," the court did prohibit the questions being answered, but did not base its decision on section 2019, subdivision (b). The sole basis for the court's decision appears to be the conclusion that it is within the discretion of the trial court in the interests of orderly judicial administration to require that plaintiff first establish his right to an accounting before defendants are

broker, whereby DeMott would allegedly receive a portion of Burgess's commission, and in turn split it with plaintiff. The trial court refused to accept this allegation as a sufficient basis for upholding an objection to plaintiff's interrogatories on the ground that plaintiff was not attempting to split a broker's commission. For the purposes of the present action, the trial court's determination must be accepted as correct. Thus, this court may not consider defendant's contention that the agreement is illegal, hence plaintiff is seeking his deposition in bad faith to oppress and embarrass the defendants.

[2] Subdivision (b) of section 2019 of the Code of Civil Procedure provides in part:

"(b) (1) After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice, or upon the court's own motion and after giving counsel an opportunity to be heard, and in either case for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated time or place other than stated in the notice, or that it shall not be taken except by allowing written interrogatories by one or more parties, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

required to answer any questions relating to their gains and profits. This decision relies on *Patrick Farms, Inc.* v. *Superior Court* (1936) 13 Cal.App.2d 424 [56 P.2d 1283], and *Hays* v. *Superior Court* (1940) 16 Cal.2d 260 [105 P.2d 975], both of which were decided prior to the adoption of the new, "liberal," discovery statutes. (Code Civ. Proc., §§ 2016-2036.)

The new statutes were enacted to promote, and have been interpreted in keeping with, the theory of expediting "the trial of civil matters by allowing litigants an adequate means of discovery during the period of preparation for trial." (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 371 [1] [15 Cal.Rptr. 90, 364 P.2d 266].) To prevent abuse of this expanded discovery process, the trial court has been granted a wide discretion in granting or denying discovery. (*Id.* at p. 378 [17].) "But the court's power to order 'that the deposition shall not be taken, or that it may be taken only' at some other time or place, or in some other manner than as proposed, or that scope of the questions be limited or controlled in certain specified manners, is not unlimited. Section 2019 of the Code of Civil Procedure provides that the discretion thus conferred on the court may be exercised only upon a showing of good cause. That section limits the right to protest the taking of depositions (and hence limits the right of the court to forbid the same) to a 'motion seasonably made ... upon notice and for good cause shown. ...' Likewise, in granting the court wider discretion than it had prior to the enactment of the discovery procedures, the same code section authorizes the making of 'any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression.' The very language of the statute thus limits the discretion which it has created to situations wherein good cause has been shown, or where justice requires the exercise of that discretion. In *Singer* v. *Superior Court,* 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305], which involved the propriety of an order which sustained a refusal to answer interrogatories, the court also discussed section 2019, subdivision (b) (1), here involved. It was held (at p. 327) that while the trial court had a wide discretion in the premises, there can be no room for the exercise of such discretion if no ground exists upon which it might operate." (*Carlson* v. *Superior Court* (1961) 56 Cal.2d 431, 437 [7] - 438 [8] [15 Cal.Rptr. 132, 364 P.2d 308].) No such ground is shown here. The trial court in its memorandum opinion fails to find that defendants will

be prejudiced in any manner if they should be required to answer plaintiff's interrogatories immediately. The court's refusal to compel defendants to answer appears to be based solely on the belief that it is within the absolute discretion of the trial court to require that plaintiff first establish a right to an accounting before defendants will be required to answer questions relating to such accounting. As its memorandum sets forth no factual basis or legal reason which supports the court's exercise of discretion in this manner, the showing does not appear to come within the broad, but conceptually delimited, area of discretion provided by the statutes; therefore the trial court on the present record appears to have acted in excess of its discretion.

Fundamental to the above stated conclusion we point out that the philosophy behind the discovery statutes in effect shifts the burden of proof and under these circumstances (i.e., where there is no support for refusal of the order) requires exactly the opposite determination from that reached by the trial court. In keeping with our policy of laying down general guidelines for future discovery cases (cf. *Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185-186, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439]), we stated in *West Pico Furniture Co.* v. *Superior Court* (1961) 56 Cal.2d 407 [15 Cal.Rptr. 119, 364 P.2d 295]: ''One of the objections urged for the first time in this court is that these particular interrogatories seek an accounting to which petitioner cannot establish its right until that issue is settled at trial. Even if we could, properly, consider this objection, it would be denied for the reason that petitioner is seeking information directly relevant to the issue of damages. The fact that a triable issue has not yet been determined cannot bar the disclosure of information sought for the very purpose of trying that issue.'' (*Id.* at p. 419, fn. 4.)

Defendants have offered no reasons as to why we should change the guideline set forth in *West Pico*. Not only may the immediate discovery of facts relating to the accounting be ultimately valuable upon trial of that issue, but it also may enable plaintiff to better evaluate any settlement offers.

For the reasons stated it is ordered that the writ of mandate issue directing the trial court to require defendants to answer relevant questions relating to the accounting.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.