[Civ. No. 29729.   Second Dist., Div. Two.   Oct. 29, 1965.]

WILLIAM M. KRAMER, Petitioner, v. THE SUPERIOR
COURT OF LOS ANGELES COUNTY, Respondent;
IRVING BRISKIN, Real Party in Interest.

Gang, Tyre, Rudin & Brown, Jane Rogers and Martin Gang for Petitioner.

No appearance for Respondent.

Buchalter, Nemer, Fields & Savitch, Benjamin E. King and Robert H. Thau for Real Party in Interest.

KATZ, J. pro tem.*—This is a petition for writ of mandate requiring respondent court to vacate an order denying petitioner's motion to compel real party in interest to answer questions on deposition. The question presented is whether a litigant who seeks a court order compelling a witness to answer relevant and nonprivileged questions at the taking of his deposition must show ''good cause'' therefor within the meaning of section 2036, subdivision (a), of the Code of Civil Procedure.[1]

Petitioner is the plaintiff in an action for libel and defamation wherein he seeks both compensatory and exemplary damages. The defendant in the action, who is the real party in interest herein, filed an answer setting forth affirmative defenses and matters in mitigation, in which he alleged that the purported defamatory statements were true, made without malice, and privileged under Civil Code section 47, subdivision 3. Petitioner took defendant's deposition and the latter refused to answer 86 questions. The unanswered questions related to conversations and discussions had by defendant concerning petitioner, the meaning of words used by defendant, defend-

---

*Assigned by the Chairman of the Judicial Council.

[1] ''A party required to show 'good cause' to obtain discovery . . . shall show specific facts justifying discovery and mere proof of the relevance of the information sought to the subject matter of the action shall not be sufficient.'' (Code Civ. Proc., § 2036, subd. (a).)

ant's subjective opinion of petitioner, and defendant's financial status or condition.

Application was thereafter made by petitioner to the trial court for an order compelling answers under section 2034, subdivision (a), of the Code of Civil Procedure.[2] Defendant opposed the motion on the grounds that it was not made within a reasonable time, that the questions were not relevant, that questions concerning various conversations were privileged, and that petitioner failed to show good cause for compelling answers. The trial court in a written memorandum of decision and order found that the motion was timely, that the information sought was not privileged, and that, with few exceptions, the questions were relevant. It denied the motion, however, on the ground that petitioner had not shown "good cause" for an order to compel answers within the meaning of section 2036.

■ Petitioner contends that the trial court abused its discretion in denying the motion to compel answers by defendant. We have concluded that the contention is meritorious, and that, for the reasons hereafter stated, a party who seeks a court order to compel a nonexpert witness to answer relevant and nonprivileged questions on oral deposition is not required to show "good cause" therefor as that term is defined in section 2036 of the Code of Civil Procedure.

■ The Discovery Act (Code Civ. Proc., §§ 2016-2036) confers upon litigants the right to take depositions without prior court order or approval and, accordingly, with an exception not here applicable,[3] does not require any showing of good cause for the taking of depositions. (*Coy* v. *Superior Court,* 58 Cal.2d 210, 220-221 [23 Cal.Rptr. 393, 373 P.2d 457]; *Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 388 [15 Cal.Rptr. 90, 364 P.2d 266].) ■ The standard for exercise

[2] "If a party or other deponent refuses to answer any question propounded upon examination during the taking of a deposition, or refuses to produce at a deposition any books, documents or other things under his control pursuant to a subpoena duces tecum, . . . the proponent of the question . . . may apply to the court . . . for an order compelling an answer or if good cause is shown, the production of such book, document, or other thing." (Code Civ. Proc., § 2034, subd. (a).)

[3] "The work product of an attorney shall not be discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense or will result in an injustice, and any writing that reflects an attorney's impressions, conclusions, opinions or legal research or theories shall not be discoverable under any circumstances." (Code Civ. Proc., § 2016, subd. (b).) The foregoing language was added to section 2016, subd. (b) by an amendment in 1963, and in creating a conditional pretrial privilege apparently codifies the rule announced in *Trade Center Properties, Inc.* v. *Superior Court,* 185 Cal.App.2d 409 [8 Cal.Rptr. 345].

of the right or statutory limitation thereon is found in section 2016, subdivision (b), which provides "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party, or to the claim or defense of any other party." ▮ Section 2034, subdivision (a), which provides for enforcement of the right to discovery, authorizes a court order compelling an answer when a deponent refuses to answer any question, and makes no reference to a showing of good cause as a condition for such order. There is, therefore, no express statutory requirement of a showing of good cause to obtain a court order compelling a deponent to answer questions. On the other hand, section 2034, subdivision (a), does expressly prescribe a showing of good cause as a prerequisite for a court order enforcing the right to production of documents at a deposition.[4] The statutory scheme also expressly requires a showing of good cause by a person who seeks to resist or restrict the right to take a deposition by invoking the discretion of the court to issue a protective order.[5] (*Hauk* v. *Superior Court,* 61 Cal.2d 295 [38 Cal.Rptr. 345, 391 P.2d 825] ; *Carlson* v. *Superior Court,* 56 Cal.2d 431 [15 Cal.Rptr. 132, 364 P.2d 308] ; *Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678 [32 Cal.Rptr. 288].)

In support of the trial court's ruling, defendant contends that despite the absence of an express statutory requirement, sections 2034, subdivision (a), and 2036 should be construed as requiring by implication, or as authorizing the trial court to require, a showing of good cause by the party seeking a court order compelling the reluctant deponent to answer questions which are neither privileged nor irrelevant. To so construe those sections would be contrary to the ordinary rules of statutory construction and to the specific rules which the Supreme Court has declared to be applicable to construction of the particular statutes. In *Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355, 378, the court stated, "For the

---

[4]The "good cause" requirement with reference to the production of books or documents at depositions pursuant to subpoena duces tecum was added to section 2034, subdivision (a) by amendment in 1961. At the same time section 1985 was amended to expressly require a showing of good cause for issuance of a subpoena duces tecum before trial.

[5]". . . for good cause shown, the court . . . may make an order that the deposition shall not be taken, or that . . . certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters . . . ; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment or oppression." (Code Civ. Proc., § 2019, subd. (b)(1).)

guidance of trial courts the proper rule [of construction of the discovery statutes] is declared to be not only one of liberal interpretation, but one that also recognizes that disclosure is a matter of right unless statutory or public policy considerations clearly prohibit it.'' It was also there stated that ''Although the statutory limitations on discovery must be applied when the facts so warrant, exercise of discretion does not authorize extension thereof beyond the limits expressed by the Legislature,'' and that ''There is no room for judicial discretion in those situations not included in the statutes but asserted as general limitations on the privileges conferred.'' (P. 383.) In *Hauk* v. *Superior Court, supra,* 61 Cal.2d 295, which involved a motion under section 2034, subdivision (a), to compel a deponent to answer questions, the court pointed out ''that the philosophy behind the discovery statutes in effect shifts the burden of proof'' that ordinarily is borne by a party seeking an order of enforcement. It should also be noted that section 2036 itself imposes no requirement of a showing of good cause in any situation but merely defines the term ''good cause'' or specifies the nature of the showing when such a showing is required by other statutes.[6]

A contention similar to defendant's contention that a party seeking a court order to compel a deponent to answer questions must show good cause therefor has previously been rejected by the Supreme Court in connection with another vehicle of discovery which the statutes also authorize as a matter of right and to which section 2034, subdivision (a), also applies. In *Coy* v. *Superior Court, supra,* 58 Cal.2d 210, a writ was granted directing the trial court to vacate orders denying plaintiff's motions to require defendants to answer written interrogatories. In response to an argument that the trial court's orders should be upheld ''because the petitioner failed to sustain the burden of proving that his interrogatories merited further answer,'' the Supreme Court stated as follows, at pages 220-221 : ''Defendants here had the burden of showing facts from which the trial court might find that the interrogatories were interposed for improper purposes. The statute does

---

[6]Prior to the enactment of section 2036 in 1963, a showing of good cause was required by section 2031 for inspection of documents and by section 2032 for physical, mental or blood examinations. The term ''good cause'' was defined and the nature of the showing required was discussed in *Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355, 388, and *Suezaki* v. *Superior Court,* 58 Cal.2d 166 [23 Cal.Rptr. 368, 373 P.2d 432, 95 A.L.R.2d 1073]. The effect of section 2036 was considered in *Flora Crane Service, Inc.* v. *Superior Court,* 234 Cal.App.2d 767, 792 [45 Cal. Rptr. 79].

not require any showing of good cause for the serving and filing of interrogatories. Thus the burden of showing good cause, which the authorities mention in regard to motions for inspection and some other discovery procedures, does not exist in the case of interrogatories. *It would be anomalous to hold that the mere interposing of an objection creates a burden when none existed before."* (Italics added.) ▮ In the present case, it would be equally anomalous to hold that the mere interposing of an objection or refusal of deponent to answer a question places a burden of showing good cause on the party seeking disclosure when none existed before.

The decision in *Grand Lake Drive In* v. *Superior Court,* 179 Cal.App.2d 122 [3 Cal.Rptr. 621, 86 A.L.R.2d 129], relied upon both by defendant and the trial court, does not support the ruling denying petitioner's motion to compel a defendant to answer questions propounded at the taking of his deposition. It was there held that a showing of good cause is a prerequisite to an order compelling disclosure on deposition of the observations and conclusions of an independent expert engaged by a party as a part of his preparation for trial to examine and reach conclusions on an object in issue. However, neither the language nor reasoning of that case warrants application or extension of the rule announced therein to the present case.[7] In fact, the opinion in *Grand Lake* was careful to point out that the rule requiring a showing of good cause to compel answers by a deponent was limited to expert witnesses and, even as to such witnesses, was limited to certain circumstances. It is significant that there are no reported appellate decisions which have applied or approved the application of the good cause requirement enunciated in *Grand Lake* to nonexpert witnesses. It is also significant that in the many appellate decisions which have reviewed orders granting or denying motions to compel answers on deposition by nonexpert witnesses or by parties, there has been no mention of a showing of good cause as a prerequisite to an order compelling answers. On the contrary, the cases have repeatedly echoed the state-

---

[7]The rationale of the *Grand Lake* decision would appear to be that while the testimony of an independent expert engaged by a party's attorney as part of his preparation for trial is not absolutely privileged under the attorney-client privilege as was argued by the defendant in that case, it should be conditionally privileged before trial. (Cf. *People* ex rel. *Dept. of Public Works* v. *Donovan,* 57 Cal.2d 346, 356-357 [19 Cal.Rptr. 473, 369 P.2d 1]; *Mowry* v. *Superior Court,* 202 Cal.App.2d 229 [20 Cal.Rptr. 698].) The attorney's work product appears to be similarly conditionally privileged. (See fn. 3, *ante.*) In the present case, there would seem to be no rational basis for a conditional privilege by analogy for the testimony of the party defendant.

ment of the *Greyhound* case that "where the litigant starts the discovery process without prior court intervention [t]he burden is then on the party seeking to deny that right." (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355, 379; *Hauk* v. *Superior Court, supra;* *Coy* v. *Superior Court, supra;* *Oak Grove School Dist.* v. *City Title Ins. Co., supra;* *Beverly Hills Nat. Bank & Trust Co.* v. *Superior Court,* 195 Cal.App.2d 861, 867 [16 Cal.Rptr. 236].)

■ Finally, defendant contends that the trial court's denial of petitioner's motion to compel answers was justified as an exercise of discretion under section 2019, subdivisions (b) and (d). Defendant, however, did not apply for a protective order under section 2019 as he was entitled to do; he merely refused to answer and thereby placed the task of seeking enforcement on petitioner. Nevertheless, even if we assume that the trial court could properly treat defendant's objections or opposition to petitioner's motion to compel answers under section 2034, subdivision (a), as a request by defendant for a protective order under section 2019, it is clear that the trial court did not exercise or even purport to exercise the discretion conferred upon it by the latter section in denying petitioner's motion. (Cf. *Hauk* v. *Superior Court, supra.*) This is evident from the court's written memorandum and order. For that reason we do not consider the contention that the declaration filed by defendant in opposition to petitioner's motion constituted a showing of good cause which would have justified a protective order. (Cf. *Suezaki* v. *Superior Court, supra,* 58 Cal.2d 166, 179.)

It is ordered that a peremptory writ of mandate issue directing respondent court to vacate its order denying the motion to compel defendant to answer questions propounded at the taking of his deposition, and to determine said motion in conformity with the rule of law expressed herein. The issuance of such writ shall not affect the trial court's power, as defined in the discovery statutes, to impose any reasonable safeguards or limitations on the taking of the deposition by the issuance of such protective orders as the facts may require.

Roth, P. J., and Fleming, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied December 22, 1965. Burke, J., was of the opinion that the petition should be granted.