[Civ. No. 36007. Second Dist., Div. Five. June 10, 1970.]

KAREN SNYDER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JULIAN SNYDER, JR., Real Party in Interest.

**COUNSEL**

Martin S. Stolzoff and Franklin M. Desser for Petitioner.

No appearance for Respondent.

Brill, Hunt, DeBuys & Burby and Mitchell L. Lathrop for Real Party in Interest.

## OPINION

**SELBER, J.**\*—The question before us is whether a court may impose sanctions against a nonresident plaintiff for failure to attend a deposition at her place of residence, which was noticed, without the issuance of a commission upon order of court.

The facts precipitating the controversy are as follows: In May 1968, petitioner, a resident of New York City, filed an action in respondent court entitled, "Karen Snyder, Plaintiff vs. Julian Snyder, Jr., Defendant," No. WEC 14265, seeking to recover arrears in alimony and child support arising out of a separation agreement. Defendant (real party in interest herein) filed a cross-complaint seeking damages for alleged wrongful attachment in said action. For convenience, the said parties will be referred to as plaintiff and defendant, respectively, hereafter in this opinion.

On October 24, 1969, defendant served plaintiff's counsel with a notice to take plaintiff's deposition at the city of her residence, New York, on November 14, 1969, before a deposition notary. Plaintiff's counsel responded by mail on October 30, 1969, stating his objection to the taking of the deposition and giving as his reason for such objection the failure of defendant to comply with section 2018 subdivision (b) of the Code of Civil Procedure. By letter response dated November 4, 1969, defendant's counsel denied the applicability of section 2018 subdivision (b) of the Code of Civil Procedure and indicated he would seek sanctions if the plaintiff failed to appear for her deposition. Thereafter defendant's counsel flew to New York and the plaintiff did not appear at the time and place set for the deposition. Defendant thus moved the superior court to strike plaintiff's complaint for wilful failure to participate in discovery or, in the alternative, for the imposition of sanctions in the form of expenses incurred by defendant in the attempt to take the deposition. An itemization of the expenses and attorney's fees claimed by defendant to have been incurred in connection with the deposition totaled $1,009.52.

Respondent court, following a hearing upon said motion, denied the motion to strike the complaint and in the alternative imposed sanctions as follows: "The Court finds the failure of plaintiff Karen Snyder to participate in discovery and to appear for the taking of her Deposition is willful. Motion for imposition of sanctions is granted to this extent: The plaintiff Karen Snyder is ordered to pay to defendant the sum of $684.52 as reasonable expenses incurred by defendant by reason of plaintiff's failure to appear for her Deposition, said sum to be payable within 20 days. Counsel are notified by mail. Moving party to give notice."

---

\*Assigned by the Chairman of the Judicial Council.

Plaintiff seeks a writ of prohibition to prevent enforcement of said order, contending that respondent court acted in excess of its jurisdiction "in that granting sanctions under the circumstances here (1) disregards the universal rule that the oral deposition of a non-resident party should not be taken out-of-state except by prior order of the trial court or by stipulation of the parties; (2) the minute order is merely punitive and not directed towards obtaining the deposition sought; and (3) in any event, it is an abuse of discretion for the respondent court to have granted sanctions where, as here, it clearly appears that [plaintiff] acted as she did upon advice of counsel and that the law and statutes upon which counsel relied are not settled."

Obviously plaintiff's alleged non-liability for sanctions is dependent on the accuracy of her contention that court authorization was necessary to take her deposition. It is our conclusion that section 2024 of the Code of Civil Procedure,[1] as it presently exists, does not require an order of court or the issuance of a commission to take a deposition of a party out of this state, but within the United States.

This issue has not been judicially resolved since section 2024 was substantially modified by repeal and reenactment in 1961. (Stats. 1961, ch. 192, § 5, p. 1199.) Cases such as *Dow Chemical Co.* v. *Superior Court* (1969) 2 Cal.App.3d 1, 6 [82 Cal.Rptr. 288], and *Rosen* v. *Superior Court* (1966) 244 Cal.App.2d 586, 591 [53 Cal.Rptr. 347], both involve different factual situations. While pointing to the same result we reach here, they do not fully develop the matter.

Former section 2024 (derived from Stats. 1957, ch. 1904, § 3, p. 3330, as amended by Stats. 1959, ch. 1590, § 6, p. 3927) in relevant part, read as follows: "The deposition of a witness out of this State may be taken upon a commission issued from the court under the seal of the court, upon an order of the court, or a judge or a justice thereof, on the application of any party, upon 10 days' previous notice to the other. . . ." Former section 2026 (1959) set forth a detailed procedure for the taking of an out-of-state deposition upon oral interrogatories providing that the taking party secured a commission in the same manner as provided in section 2024.

In reviewing the pertinent law prior to 1961 it is appropriate at this point to examine the provisions of section 2018 as it read in 1957. It read as follows: "(a) *Within this State,* depositions shall be taken before any notary public or a judge or officer authorized to administer oaths or

---

[1]All statutory references herein are to the Code of Civil Procedure unless otherwise specified.

before a person appointed by the court in which the action is pending. A person so appointed has power to administer oaths and take testimony. ¶ (b) In a foreign state or country depositions shall be taken on notice before a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or before a person appointed by the court in which the action is pending, or before a judge of a court of record in such country, or before anyone agreed to by the parties. A commission shall be issued for such depositions as provided for in Section 2024 of this code." (Italics added.)

These former sections of the law arguably required the issuance of a commission before a witness could be deposed out of California. (*Beverly Hills Nat. Bank & Trust Co.* v. *Superior Court* (1961) 195 Cal.App.2d 861, 867 [16 Cal.Rptr. 236].)

In 1960 the State Bar Committee on Administration of Justice sponsored various changes to California discovery laws including the provisions for out-of-state deposition practice (§§ 2024-2028). In its report of June 1960,[2] the committee took note that some confusion existed by reason of the detailed provisions of the then existing act, citing as a particular example the necessity for the issuance of a commission to take deposition out of this state in every situation. The committee further noted that there appeared to be no reason for such a requirement in every case of an out-of-state deposition. In order to clarify the law in the area, and to implement its view that a commission was not always necessary, the committee urged the adoption of the basic framework of the federal rules on the subject (particularly F.R.C.P. 28(a) and (b)). The committee specifically recommended repeal of various sections including sections 2024 and 2026 and the amendment of section 2018, subdivisions (a) and (b).

In 1961 the Legislature responded by completely overhauling the procedures for out-of-state depositions, including repealing sections 2024 and 2026 (also §§ 2025, 2027 and 2029) and by enacting a new section 2024, identical to that recommended by the committee. Subdivision (a) of section 2018[3] now designates the persons before whom a deposition may be taken

---

[2]*Committee Report—Administration of Justice* (1960) 35 State Bar J. 366-370.

[3]Section 2018 presently provides: "(a) Within the United States or within a territory or insular possession subject to the dominion of the United States, depositions shall be taken before any notary public or a judge or officer authorized to administer oaths by the laws of the United States or of the place where the examination is held, or before a person appointed by the court in which the action is pending. A person so appointed has power to administer oaths and take testimony. (b) In a foreign state or country depositions shall be taken on notice, before anyone agreed to by the parties, a secretary of the embassy or legation, consul general, consul, vice-consul or consular agent of the United States, or before such person or officer as may be appointed by commission or under letters rogatory. A commission or letters rogatory

"within the United States" (rather than "within this state" as it formerly provided), and subdivision (b) applies to a "foreign state or country." It is thus clear that subdivision (a) and not subdivision (b), relied upon by plaintiff, is controlling in the present case. It is equally clear that subdivision (a) does not require the issuance of a commission.

Section 2024 now provides: "When a party desires to take a deposition out of this State to be used in an action pending in this State, such party shall proceed in the manner provided by Section 2019 of this code if such deposition is to be taken upon oral examination, or in the manner provided by Section 2020 of this code if such deposition is to be taken upon written interrogatories and where necessary or convenient, the court shall issue a commission or letters rogatory as provided in Section 2018(b)."

At the outset, section 2024 does not make court authorization a pre-condition of an out-of-state deposition. In designating the procedure to be followed for such out-of-state depositions as that set forth in section 2019, the Legislature has thus provided that the procedure for taking depositions out of this state, but within the United States, is identical to taking them within this state. (See *Rosen* v. *Superior Court, supra; Dow Chemical Co.* v. *Superior Court, supra.*)

Section 2019 was one of the few sections that survived the 1961 over-haul. The Committee on Administration of Justice felt the section to be adequate. As far as it is pertinent to this case, section 2019 requires that a party desiring to take a deposition of any person upon oral examination shall give a specified notice in writing to all other parties to the action. It further provides that such notice may be served upon any party or his attorney. Subdivision (a) (4) of section 2019 provides, inter alia, that in the case of depositions of a party to the record of any civil proceeding, the service of a subpoena upon any such party deponent is not required if proper notice of the taking of such a deposition is given to the attorney for such party or to the party, in the event he has no attorney.[4]

---

shall be issued by the court in which the action is pending when necessary or conven-ient on motion and notice and upon such terms and with such directions as are just and appropriate. The person before whom the deposition is to be taken may be desig-nated in notice or commissions either by name or descriptive title and letters rogatory may be addressed 'to the appropriate judicial authority in [here name the coun-try].' . . . ."

[4]Subdivision (g) of section 2019 presently reads the same as when it was added in 1957, and provides that if the party giving the notice of the taking of a deposition fails to attend and proceed therewith, or by neglecting to subpoena a non-party witness fails to procure his attendance, and if another party attends, thus incurring waste of time and expense, the court may order the party giving the notice to pay such other party the amount of the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees.

Section 2016 provides that after an action has been commenced, depositions may be taken without leave of court, except in that instance wherein the notice of deposition is served by the plaintiff within 20 days after service of summons on, or the appearance of the defendant.

Insofar as section 2024 makes reference to 2018 subdivision (a), we have already shown that the subdivision is not applicable to the facts of the present case. The phrase "where necessary and convenient," used in reference to the issuance of a commission, found in section 2024 and in section 2018 subdivision (b) is inapplicable to the matter of deposing a party out of state. It is noted that that language appears to have been taken from rule 28(b) of the Federal Rules of Civil Procedure as that section read prior to amendment in 1963. However, both prior to the amendment and now, it never has been required under the federal rule that application be made to the court in order to take a deposition in a foreign country. Promulgation of rule 28(b) in 1937 effected a departure from the existing practice under which depositions of witnesses in foreign countries could not be taken by notice procedure. Until amended in 1963 rule 28(b) read in relevant part: "A commission or letters rogatory shall be issued only when necessary or convenient, on application and notice, and on such terms and with such directions as are just and appropriate." During the period from 1937 to 1963—which includes the time when new section 2024 was adopted—the notice procedure was, in fact, preferred over resort to court process as a method of deposing persons in a foreign nation. (4 Moore's Federal Practice, ¶ 28.03, p. 1922-1923.)

Pursuant to the above state statutes the deposition proceeding is initiated by notice alone. The statutes confer upon litigants the right to take the deposition in a pending case (subject to the 20-day provision) without prior court order and without a showing of good cause. As stated in *Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 388 [15 Cal.Rptr. 90, 364 P.2d 266]: "The discovery act . . . authorizes some vehicles of discovery (depositions, interrogatories and requests for admission) as a matter of right and without prior court order. Only in the cases of production of material for inspection and physical examination does the statute specifically provide that a prior order be obtained, based on a showing of good cause. It thus appears that the Legislature deemed the two latter vehicles to be of a type which might be abused if not controlled in advance." (See also *Coy v. Superior Court* (1962) 58 Cal.2d 210, 220-221 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678] (interrogatories); *Kramer v. Superior Court* (1965) 237 Cal.App.2d 753, 755 [47 Cal.Rptr. 317] (depositions).)

Since the procedures for the taking of depositions in state are now

applicable to the taking of depositions out-of-state (§ 2024), and since they may be taken before those persons designated in section 2018 subdivision (a) without the issuance of a commission, the above cited cases are applicable to the instant case. Accordingly, we hold that the notice given in this case was timely and in compliance with section 2019, and that defendant was entitled to proceed in accordance therewith, unless precluded by the objections voiced by petitioner.

■ Plaintiff contends that section 2021 provides an alternative to the necessity of seeking a protective order under section 2019, subdivision (b) (1), and that, therefore, his letter objecting to the deposition was sufficient. Section 2021 contains various provisions relating to the effect of "errors and irregularities" in depositions. Subdivision (a) thereof provides: "All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice." We do not believe that section 2021, subdivision (a) was intended as an alternative or substitute for the protective order procedure of section 2019, subdivision (b) (1). Rather it would appear that section 2021 has reference to certain errors and irregularities which are waived and cannot be raised when an attempt is made to use the deposition in court unless objections are previously made in the manner provided in said section. (Witkin, Cal. Evidence (2d ed. 1966) § 1152, pp. 1068-1069.)
■ Plaintiff's only recourse to prevent defendant from taking her deposition in New York was to move the court for a protective order under section 2019, subdivision (b) (1). This she did not do.

■ The sole remaining question concerns the propriety of the order imposing sanctions against plaintiff in the form of expenses to defendant. Section 2034, subdivision (d), governs the matter of sanctions upon the wilful failure of a party to attend a deposition, providing in relevant part that the court may strike out pleadings, dismiss the action, enter judgment against the defaulting party, or "impose such other penalties of a lesser nature as the court may deem just, and may order that party or his attorney to pay to the moving party the reasonable expenses in making such motion, including reasonable attorney's fees." The court obviously acted within its power. The burden of establishing an abuse of the trial court's discretion is upon the plaintiff. (*Weinkauf* v. *Superior Court* (1966) 64 Cal.2d 662, 665 [51 Cal.Rptr. 100, 414 P.2d 36].)

However, plaintiff argues that section 2034 subdivision (d) requires a wilful failure and that her nonappearance was not wilful in that she acted upon the advice of counsel that a court order was necessary to take her deposition. In view of the provisions of sections 2024 and 2018, subdivision

(a), counsel in so advising, and plaintiff in failing to appear, were taking a calculated risk. (Cf. *Unger* v. *Los Angeles Transit Lines* (1960) 180 Cal.App.2d 172, 184, 186 [4 Cal.Rptr. 370, 5 Cal.Rptr. 71]; and *Mac-Donald* v. *Joslyn* (1969) 275 Cal.App.2d 282, 290, fn. 3 [79 Cal.Rptr. 707].)

With regard to rule 37 (d), the federal rule corresponding to section 2034, subdivision (d), it is stated in *United States* v. *Continental Cas. Co.* (4th Cir. 1962) 303 F.2d 91, 92-93: "The sanctions authorized by rule 37(d) should not be applied in the absence of wilful failure to comply with the provisions regarding discovery; however 'wilful failure' does not necessarily include a wrongful intent to disobey the rule. A conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance, is sufficient to invoke the penalty." (See also *Brookdale Mill, Inc.* v. *Rowley* (6th Cir. 1954) 218 F.2d 728.)

In the instant case, there was no showing of an inability of plaintiff to attend, rather than a refusal, and we hold that plaintiff's failure to attend was "wilful" within the meaning of the statute. The trial court so found.

The award of sanctions in the amount of defendant's expenses was not an abuse of discretion, nor was the order a "punishment" such as condemned in *Caryl Richards, Inc.* v. *Superior Court* (1961) 188 Cal.App.2d 300, 303-304 [10 Cal.Rptr. 377], or *Crummer* v. *Beeler* (1960) 185 Cal.App.2d 851, 858 [8 Cal.Rptr. 698]. If we were to reach a contrary result, we would, in effect, be penalizing the defendant for the improper refusal of plaintiff to appear.

Finally, by way of caution, we note that our conclusion in this case pertains to a party who is to be deposed. As to a nonparty witness there may well be other necessary considerations.

The alternative writ of prohibition is discharged. The petition for a peremptory writ is denied.

Stephens, Acting P.J., and Reppy, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied August 5, 1970.