**Rosalio U. MUNOZ and Michael E. Tigar, Petitioners,**

**v.**

**Hon. A. Andrew HAUK and Hon. Jesse W. Curtis, Respondents.**

**No. 26587.**

United States Court of Appeals, Ninth Circuit.

March 17, 1971.

---

Carol K. Smith, Michael E. Tigar, Los Angeles, Cal., for petitioners.

Robert L. Meyer, U.S. Atty., Los Angeles, Cal., for respondents.

Joseph A. Ball, Long Beach, Cal., J. E. Simpson, Philip F. Westbrook, Jr., Los Angeles, Cal., for respondents, appearing as *amici curiae* for respondents at the request of the State Bar of California.

Before DUNIWAY, ELY, and HUF-STEDLER, Circuit Judges.

PER CURIAM:

This Petition arises out of United States v. Munoz, District Court No. 6540, a criminal proceeding in which Munoz is charged with having violated the Military Selective Service Act of 1967, 50 U.S.C.App. § 451 et seq. To represent him in the criminal proceeding, Munoz sought the assistance of Michael Tigar, his co-Petitioner in this court. In June, 1969, Tigar was appointed acting professor of law at the University of California at Los Angeles When he took up the position he became, and ever since has been, a resident of California. He has never sought admission to the California bar. For the purpose of representing Munoz, he applied for admission, *pro hac vice*, to the Bar of the United States District Court for the Central District of California. He had never theretofore appeared as an attorney in the Central District, nor had he previously sought leave to do so. A hearing on the application was conducted by the Honorable A. Andrew Hauk, to whom Munoz' criminal case had been assigned for the purpose of arraignment and plea. The evidence produced at such hearing contains no suggestion that Tigar is morally or professionally unfitted for the practice of law or for admission to the Bar of any federal court. Tigar is a graduate of the Law School of the University of California at Berkeley and has been admitted to practice before the United States District Court and the United States Court of Appeals for the District of Columbia. He represented that, were he to be granted leave to assist Munoz, he would do so without fee.

Judge Hauk denied Tigar's application to appear *pro hac vice* for the representation of Munoz. In doing this, Judge Hauk, as we have already indicated, did not suggest that Tigar was morally or professionally unfit. He based his ruling solely upon the provisions of Rule 1(d), Rules of the District Court for the

**1178**

Central District of California. Rule 1(d) read, in pertinent part, as follows:

> "Any member in good standing of the Bar of any United States Court, or of the highest Court of any State or of any Territory or Insular possession of the United States, who has been retained to appear in this Court, and who is not a resident of this District, *or* does not maintain an office in this District for the practice of law, may be permitted after application, without previous notice, to appear and participate in a particular case. * * *" (emphasis added)

Judge Hauk apparently interpreted the quoted Rule as permitting the admission to the Bar of the Central District, *pro hac vice*, only of those attorneys who are non-residents of the Central District *and* who do not maintain an office for the practice of law in the Central District. As Tigar is a resident of the Central District, the Rule, so interpreted, would not permit his admission. The Petitioners argue that the italicized word "or" in the quoted Rule should not have been equated with the conjunctive "and."

Following Judge Hauk's denial of Tigar's application, a plea of not guilty was entered on Munoz' behalf, and his criminal case was transferred to the Honorable Jesse W. Curtis, whose name had been drawn by lot, for all further proceedings. Judge Curtis did not receive additional evidence in connection with Tigar's application. He, as had Judge Hauk, based his denial of the application upon the sole and only ground that Rule 1(d) did not authorize the admission, *pro hac vice*, of an attorney in Tigar's position. This Petition for Mandamus followed. Since the Petition possibly presented at least one constitutional problem. (*See* Sanders v. Russell, 401 F.2d 241 (5th Cir. 1968) ), our court called for responses under the provisions of Rule 21, Fed.R.App.P.

Within the time prescribed, responses were filed. Since it then appeared that the Honorable A. Andrew Hauk was no longer concerned with Munoz' case, we denied the Petition insofar as it was directed to Judge Hauk. Shortly before we took this action, it came to our attention that District Judge Warren J. Ferguson had granted Tigar's application to appear *pro hac vice* as an attorney for the defendant in United States v. Smith, 321 F.Supp. 424, in the Central District of California, and that a hearing had been conducted in connection therewith. We thereupon, when we entered our order denying the Petition as against Judge Hauk, called for a transcript of the hearing conducted by Judge Ferguson. That transcript has now been received. It reveals that Professor Tigar has also been admitted, from time to time, to the Bars of a United States District Court of Missouri, a United States District Court of Illinois, a United States District Court of Washington, the United States District Court of the Eastern District of California, and the United States District Court of the Eastern District of Louisiana. During the proceedings before Judge Ferguson, a discussion occurred concerning the effect of the Central District's Rule 1(d). At the conclusion thereof, and in granting Tigar's application, Judge Ferguson remarked: "The Court finds that the application is well taken. *That it is permitted under Local Rules,* and that there is no valid reason why the application should not be granted. Therefore it is granted." (emphasis added)[1]

Judge Ferguson apparently interprets Rule 1(d) to allow the admission, *pro hac vice,* of attorneys who are non-residents of the Central District, as well as attorneys who are residents but who

---

[1]. The United States Attorney for the Central District of California has filed a response urging that the Petition be denied. In the hearing before Judge Ferguson, however, the Assistant United States Attorney, when asked for a comment in connection with Tigar's then application, replied: "Referring to Mr. Tigar's credentials, I am not so sure I should oppose vigorously." He added, "I present no objection."

do not maintain an office for the practice of law in the Central District. It is uncontradicted that the office furnished to Tigar by the Law School of the University of California at Los Angeles is for his use only in connection with his professional duties at the University, and is not maintained for the practice of law.[2] Thus, under the interpretation of Judge Ferguson, Tigar would qualify for admission to the Bar of the Central District.

From the foregoing we see that there is a direct conflict in the opinions of at least two district judges of the Central District of California as to the correct interpretation of one of the District's specific Local Rules. Since this is true, the Rule should be clarified, not necessarily by judicial interpretation at this level, but by specific amendment. If the Rule permits of opposing interpretations by different district judges of ability, then those, including Tigar, who might seek admission *pro hac vice* to the Bar of the District Court could surely not know, in advance, whether the Rule as now written does or does not bar the granting of their applications.

We do not choose, in a case such as this, unreasonably or officiously to intrude into the affairs of the District Court. Absent some constitutional restriction, it should properly rest within the discretion of any court to determine who should be admitted to practice before it and in what circumstances. Here, however, it is very clear that neither of the two judges concerned with the application of Munoz and Tigar in the District Court based their rejections upon the exercise of discretion in its or-

dinary sense. The transcript of the proceedings before Judge Hauk leaves no room for doubt that his rejection of the application rested upon his interpretation of the Rule in question. Judge Curtis, while reviewing the application, remarked, "I am not inclined to waive that rule at this time." This indicates that the challenged ruling of Judge Curtis was also predicated, not upon the exercise of discretion, but upon his then opinion that the Rule proscribed a decision to the contrary. When one is denied admission to practice solely upon the ground that a specific written provision controls, and when there is a divergence of opinion among district judges as to the proper interpretation of a rule of their own court, some effort toward clarification is obviously necessary. We think it would be inappropriate, as well as unnecessary, for our court to undertake such an effort in the first instance. We do think, however, that the unique circumstances which we have outlined require that additional proceedings be conducted in the District Court. And in those proceedings, we think it more desirable that the present ambiguity as to the meaning of the word "or" in the District Court's present rules be resolved in favor of Munoz and Tigar. The District Judge should then decide whether the rule permits the admission of Tigar *pro hac vice*, and if so, whether, in the exercise of his sound discretion, to so admit him. We are confident that Judge Curtis will not exercise his discretionary power arbitrarily; hence, we choose not to fix precise guidelines at this time.[3] Furthermore, believing

---

2. Because Judges Hauk and Curtis believed that the Rule barred Tigar's admission *pro hac vice*, neither of them had any reason to decide whether Tigar maintains an office in the district for the practice of law. Assuming, but not deciding, that he does not, Tigar would qualify for admission *pro hac vice* under the interpretation of Judge Ferguson.

3. We reemphasize the fact that the record now before us does not reflect the slightest hint that Tigar is personally offensive or that he is morally or professionally

unfit. Both Judge Hauk and Judge Curtis openly recognized Tigar's exceptional professional ability, as did the Assistant United States Attorney in the proceeding before Judge Ferguson. Upon remand, the district judge may, of course, receive additional evidence if he chooses to do so. Among the considerations which are relevant, and which are already readily apparent, is that the trial of Munoz in the principal case should be conducted as quickly as the disposition of pretrial questions, constitutional or otherwise, will permit.

that the judges of the Central District of California will have already recognized the need for a clarifying amendment to the Rule in question, we make no order in that respect.

The petition for writ of mandamus, insofar as it prays that the District Court be ordered to admit Tigar, *pro hac vice*, is denied. The matter is remanded, however, for further proceedings not inconsistent with this opinion.