Joseph P. SMITH and Theresa F. Smith, Plaintiffs,

v.

SIKORSKY AIRCRAFT, etc., et al., Defendants.

No. CV 75–3773–AAH.

United States District Court, C. D. California.

Aug. 20, 1976.

Nichols & Rose and Richard A. Perkins, Los Angeles, Cal., for plaintiffs.

Kirtland & Packard, Los Angeles, Cal., for defendants.

## ORDER TO REASSIGN CASE AND NOTICE TO COUNSEL

HAUK, District Judge.

The undersigned Judge, to whom the above-entitled case was assigned pursuant to Local Rule 2, is of the opinion that he should not proceed further in said case by reason of the facts that:

(1) He has just learned today, August 19, 1976, that the law firm of Nichols and Rose, representing plaintiffs, had on August 17, 1976, associated Richard A. Perkins, Esq. as counsel for plaintiffs herein.

(2) The said Richard A. Perkins, Esq., has in the past been and acted as attorney and counsel for the undersigned Judge, both personally and in his judicial capacity—

"*Hauk, Petitioner, v. Superior Court of Los Angeles County, Respondent; De-Mott, et al., Real Parties in Interest,*" 61 Cal.2d 295, 38 Cal.Rptr. 345, 391 P.2d 825 (1964) a mandamus proceeding to require answers to oral interrogatories in a private suit brought by the undersigned Judge before being appointed to the Bench, wherein Mr. Perkins was sole counsel for the undersigned Judge; and "*Munoz and Tigar v. Hauk and Curtis,*" 439 F.2d 1176 (9th Cir. 1971, No. 26587), a proceeding in mandamus brought against the undersigned Judge in connection with Petitioner Tigar's application to appear *pro hac vice* for representation of Munoz, wherein Mr. Perkins assisted in the preparation of the Motion of Respondents Hauk and Curtis to dismiss the Petition for Mandamus.

(3) Because of the aforesaid, the undersigned Judge, although he expressly finds that he has no personal bias or prejudice concerning any party herein or any personal knowledge of disputed evidentiary facts, and does not have any other personal interest in the proceedings herein which would tend to disqualify him, nevertheless finds that his impartiality "might reasonably be questioned," as set forth in 28 U.S.C. § 455(a), and as virtually identically provided in Canon 3C of the "Code of Judicial Conduct" adopted and promulgated by the United States Judicial Conference at its April 5–6, 1973 Session, Conf.Rept.1973, pp. 9–11, as amended at its September 14–17, 1973 Session, Conf.Rept.1973 p. 52, at its March 7–8, 1974 Semi-Annual Session, Conf.Rept.1974, p. 17 and at its March 6–7, 1975 Session, Conf.Rept.1975, pp. 12–13.

(4) In the last mentioned 1975 Session of the Judicial Conference, remittal or acceptance of Waiver of Disqualification (former Canon 3D) was stricken from the Code, with the result that the Court cannot ask or receive from counsel any waiver or remittal of the disqualification grounds under said 28 U.S.C. § 455(a), and Canon 3C.

(5) Therefore, even though remittal and waiver are permitted under 28 U.S.C. § 455(e), the undersigned Judge must disqualify himself under the Code of Judicial Conduct as amended to date.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the within case and proceedings be reassigned by the Clerk in accordance with Local Rule 2 or other applicable rule or order of this Court [28 U.S.C. § 137]; and

IT IS FURTHER ORDERED that the Clerk serve copies of this Order forthwith by United States mail on counsel for all parties appearing in this cause.