[Civ. No. 57236. Second Dist., Div. Four. Apr. 1, 1980.]

DEPARTMENT OF HEALTH SERVICES et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
CENTURY CITY HOSPITAL, Real Party in Interest.

COUNSEL

George Deukmejian, Attorney General, Thomas E. Warriner, Assistant Attorney General, Anne S. Pressman and Richard J. Magasin, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Memel, Jacobs, Pierno & Gersh, Arthur R. Chenen, Lawrence I. Washor, Blase P. Dillingham and Frank J. Gruber for Real Party in Interest.

OPINION

FILES, P. J.—The discovery issue in this proceeding arises out of a civil action for damages brought by Century City Hospital (CCH) against the state Department of Health Services and others. CCH operates a hospital which provides services under the Medi-Cal program to persons who qualify for public social services. (Welf. & Inst. Code, § 14000 et seq.) The state reimburses such providers for the reasonable cost of the services rendered. A dispute between CCH and the department concerning the computation of costs led to a formal administrative hearing before Hearing Officer Takashi Kanenaga, who handed down his proposed decision on March 9, 1979. That decision was adopted by the department on March 22, 1979.

CCH, being dissatisfied with the administrative decision, petitioned the superior court in Los Angeles for review under Code of Civil Procedure section 1094.5; and on September 14, 1979, that court entered its judgment ordering the department to vacate its March 22, 1979, decision. The findings of the superior court declared that the administrative decision was arbitrary and capricious and unsupported by the facts. (Los Angeles Superior Court No. C 277278, entitled Century City Hospital v. State Department of Health Services et al.)

On December 28, 1978, which was prior to the decision of Hearing Officer Kanenaga, CCH filed a civil action against the State of California, Department of Health Services, and two named individuals, for compensatory and exemplary damages. The gravamen of the complaint was that the defendants had unlawfully failed and refused to reimburse CCH for its services promptly and accurately. That factual allegation, embellished by familiar legal epithets, was pleaded in five counts invoking theories of breach of contract and violation of constitutional rights. This is the action out of which the discovery issue arises.

On May 21, 1979, CCH gave notice of its intention to take the oral deposition of Hearing Officer Takashi Kanenaga. The defendants moved for a protective order to prevent the taking of the deposition, upon the ground that the taking "would subject deponent to annoyance, embarrassment or oppression and not lead to discovery of evidence reasonably calculated to lead to discovery of evidence admissible at trial." The motion was supported by an argument that inquiry into the mental processes of a quasi-judicial hearing officer is not permissible discovery. The defendants also contended that the deposition was an attempt to circumvent the discovery rule applicable to administrative mandate proceedings under Code of Civil Procedure section 1094.5.

No reason was given for a protective order other than those based upon Kanenaga's status as a hearing officer.

On June 19, 1979, the superior court denied the motion for a protective order. That is the order which we now proceed to review.

We first discuss the general principles of law which are applicable to the issue which the superior court decided.

As a general proposition, a party seeking a protective order to prevent the taking of a deposition in a civil action has the burden of es-

tablishing good cause for such an order. (See Code Civ. Proc., § 2019, subd. (b); *Hauk* v. *Superior Court* (1964) 61 Cal.2d 295, 298 [38 Cal. Rptr. 345, 391 P.2d 825]; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 379 [15 Cal.Rptr. 90, 364 P.2d 266]; *Singer* v. *Superior Court* (1960) 54 Cal.2d 318, 327 [5 Cal.Rptr. 697, 353 P.2d 305].)

■ Another well-established general proposition is that a judicial officer or quasi-judicial administrative officer is not subject to questioning in subsequent proceedings regarding the mental process by which he reached his decision. (See *United States* v. *Morgan* (1941) 313 U.S. 409 [85 L.Ed. 1429, 61 S.Ct. 999]; *State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 258 [115 Cal.Rptr. 497, 524 P.2d 1287].)

■ A third proposition which should be mentioned for the sake of clarity is that, in an administrative mandamus proceeding, a party seeking discovery has the burden of showing that such discovery is reasonably calculated to lead to evidence admissible under Code of Civil Procedure section 1094.5. The reason for the distinction is pointed out in *City of Fairfield* v. *Superior Court* (1975) 14 Cal.3d 768, 774-775, footnote 6 [122 Cal.Rptr. 543, 537 P.2d 375]: "In an ordinary civil action, discovery is not limited to questions which may lead to admissible evidence, but includes inquiries relevant to the subject matter of the action which may be helpful in preparation for trial. (See *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 172-173 [84 Cal.Rptr. 718, 465 P.2d 854].) An administrative mandamus action, on the other hand, reviews the administrative record which should contain all evidence the parties consider necessary to the resolution of contested issues. Consequently posthearing discovery may reasonably be limited to inquiries calculated to yield evidence which through no fault of the offeror does not appear in the administrative record. (See Cal. Administrative Mandamus (Cont. Ed. Bar 1966) § 12.9.)"

This distinction is important here because CCH, as plaintiff in the civil action for damages, demanded the deposition of the hearing officer at a time when the administrative mandamus proceeding was pending. The Attorney General, on behalf of the defendants in the damage case, expressed concern that CCH was attempting to circumvent the limitation on discovery which is applicable to the administrative mandamus proceeding. Now that the mandamus proceeding has been decided in the superior court, we need not give further attention to that objection to the deposition.

What is left is a pending civil action for damages based upon a charge of official misconduct by the department and certain individuals. At this stage of the proceedings where the only issue is the right to take a deposition, we do not undertake to decide whether any of the counts in the complaint states a cause of action, or, if so, upon what legal theory. We only recognize that the action is pending, and that unless and until the trial court rules otherwise, the matters alleged in the complaint reflect potential issues which may be the subject matter of depositions. As the authorities cited above have established, plaintiff is entitled to make inquiries relevant to those factual allegations, including questions which may lead to the discovery of admissible evidence.

In their written argument opposing a protective order CCH pointed out that Kanenaga was an employee of the defendant department, and stated that counsel wished to question him about conversations with the individual defendants and with others in the department. Manifestly, if the individual defendants told Kanenaga that they were engaging in the conduct alleged in the complaint, those conversations would be relevant and discoverable. It necessarily follows that the trial court correctly held that Kanenaga must appear and submit to a deposition.

We do not overlook the contention made by CCH that "The mental process veil may be pierced" under some circumstances, but we have no basis for discussing it on this record. There is a substantial body of law in California and elsewhere protecting the mental processes of an administrative adjudicator from discovery, and no good purpose would be served by our attempting to define its application to inquiries which have not yet been made known. If the questions put to Kanenaga go beyond propriety, his refusal to answer may be reviewed by the superior court on a question-by-question basis.

The petition is denied.

Kingsley, J., and Jefferson (Bernard), J.,* concurred.

Petitioners' application for a hearing by the Supreme Court was denied June 4, 1980. Mosk, J., Manuel, J., and Newman, J., were of the opinion that the application should be granted.

---

*Assigned by the Chairperson of the Judicial Council.