## CIRCUIT COURT OF FAIRFAX COUNTY

Walker

v.

Helmrich

February 21, 1991

Case No. (Chancery) 101325

### By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendant's Motion for Reconsideration of my decision to recuse myself as the trial judge in this custody dispute.

The plaintiff's Motion for Recusal was premised on the fact that my former law firm represented Mr. Condo, defendant's attorney herein, and his law firm in a professional malpractice action some six years before I came on the bench. As the associate in the firm assigned to assist lead counsel, my involvement was limited, as I recall, to filing and arguing two demurrers and responding to discovery requests on behalf of Mr. Condo and his firm. I also assisted lead counsel in negotiating the settlement reached, and the case against Mr. Condo and his firm was resolved without a trial on the merits.

Mr. Condo substituted as counsel of record in this matter after a number of hearings had been held, after I had resolved several issues before his appearance was noted and just prior to the beginning of the final custody hearing. When I recalled my former representation of Mr. Condo and his firm in the third day of the final custody hearing, I promptly disclosed the prior professional relationship to both counsel. I noted that the passage of time and the attenuated nature of the relationship militated

against recusal, in my judgment, and that I believed my ability to be impartial to both parties was not impacted. When plaintiff, through counsel, objected to my continuing as the trial judge on the matter, I recused myself. Since I conclude that I failed to properly apply the relevant standards mandating recusal in reaching that decision, having given further consideration to counsels' arguments at the November 16, 1990, hearing on defendant's Motion for Reconsideration as well as the applicable law, the defendant's motion is granted and plaintiff's Motion for Recusal is denied.

Canon 3B(3) of the Code of Judicial Ethics mandates that a judge should "disqualify himself in a proceeding in which his impartiality might reasonably be questioned." The Code specifically suggests that a judge should recuse herself where the judge "served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." The Code does not address the situation where the judge represented an attorney in a wholly unrelated matter and there are no decisions from any jurisdiction involving a motion to recuse based on the judge's previous representation of an attorney presently appearing before the Court. However, a number of courts have addressed the issue of a motion to recuse based on an attorney's representation of the judge in a prior, unrelated matter. The Courts' reasoning in these cases is adopted as the applicable law.

In determining whether a reasonable person would question the judge's impartiality, the judge should consider "all the relevant facts and circumstances" regarding the prior association between the judge and the attorney. *Duke v. Pfizer, Inc., United Division of Pfizer Hospital Prods. Group*, 668 F. Supp. 1031, 1035 (E.D. Mich. 1987) (citing *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980)); *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980) (citing Note, "Disqualification of Judges in the Federal Courts," 86 Harv. L. Rev. 736 (1973)). One of the relevant circumstances considered where the attorney has represented the judge in a prior, unrelated, matter is the "period of repose" since the attorney-client relationship. *Id.* at 1035. As the court

noted in *Duke*, failure to consider this "period of repose" would force the judge to forever bar the attorney from her courtroom. *Id*. at 1036.

The nature of the relationship between the judge and the attorney throughout the representation is also a relevant circumstance. A number of courts have ruled that recusal is only required where there is a close personal or business relationship between the judge and the attorney. *McKeague v. Talbert*, 658 P.2d 898, 905 (Hawaii Ct. App. 1983) (where judge was secretary and director of a corporation that was represented by plaintiff's attorney's law firm in prior, unrelated, litigation, judge was not required to recuse himself). *See also, Desnick v. Mast*, 249 N.W.2d 878, 882 (Minn. 1976) (recusal not required where attorney who represented the judge in an unrelated matter never had any formal conferences with the judge because the case was disposed of before trial). *Compare Smith v. Sikorsky Aircraft*, 420 F. Supp. 661, 662 (C.D. Cal. 1976) (where attorney appearing before the court had represented the judge after he came on the bench in personal and official matters, judge would recuse himself); *Potashnick*, 609 F.2d at 1112-1114 (where plaintiff's lead counsel was representing judge at the time of trial in personal, unrelated, matters and the judge's father was a member of plaintiff's counsel's law firm, recusal was required).

Based on the period of repose since my representation of Mr. Condo, as well as the limited nature of my representation and of my personal contact with Mr. Condo during the attorney-client relationship, I find that my impartiality could not reasonably be questioned. I decline, therefore, to recuse myself from this case. "Where there is no appearance of partiality, 'the dignity of the bench, the judge's respect for the fulfillment of his judicial duties, and a proper concern for his judicial colleagues, all require that the judge not recuse himself'." *Duke*, 668 F. Supp. at 1035 (citing Advisory Comm. on Judicial Activities, Op. 52 (1977)).