[Civ. No. 29045. First Dist., Div. Two. June 26, 1972.]

HOUSING AUTHORITY OF THE CITY OF ALAMEDA,
Plaintiff, Cross-defendant and Respondent, v.
RALPH P. GOMEZ, Defendant, Cross-complainant and Appellant.

## COUNSEL

Field, DeGoff, Huppert & MacGowan, Peter A. Huppert and James L. Weinberger for Defendant, Cross-complainant and Appellant.

Davis, Craig & Bartalini, H. Theodore Craig III and Daniel E. Cummins for Plaintiff, Cross-defendant and Respondent.

## OPINION

**ROUSE, J.**—On July 3, 1968, plaintiff Housing Authority of the City of Alameda commenced this action against defendant Ralph Gomez to recover possession of certain buildings and to obtain money damages.

Defendant Gomez answered, denying that plaintiff was entitled to the relief prayed for. He also cross-complained against plaintiff, alleging that plaintiff had conspired with certain other parties (who were not named as cross-defendants) to lower the value of Gomez' real property.

On November 19, 1969, plaintiff gave notice that it would take defendant's deposition on November 26, 1969. On November 21, pursuant to a written stipulation signed by both counsel, the deposition was rescheduled for December 11, 1969. Defendant failed to appear for the deposition.

On December 22, 1969, plaintiff moved for the imposition of sanctions, requesting that the answer and cross-complaint be stricken for defendant's wilful failure to appear. Plaintiff also sought to recover its attorney's fees and costs and to assess a money penalty against defendant.

On December 29, 1969, the motion for sanctions came on for hearing. At that time the court ordered defendant's deposition to be taken on January 12, 1970, and continued the motion for imposition of sanctions for further hearing on January 27, 1970.

On January 15, 1970, plaintiff filed a supplemental motion for sanctions, asserting that defendant had wilfully failed to appear for the taking of his deposition on January 12.

On January 27, 1970, the matter came on for hearing. The parties had previously filed various declarations under penalty of perjury, and during the course of the hearing, counsel stipulated to certain additional facts. The evidence so adduced may be summarized as follows: On or about October 17, 1969, defendant left his place of residence in Hillsborough, after previously having furnished his attorney, Mr. Huppert, with a forwarding address in Spain. Defendant advised his counsel that he would be absent from California at least until Thanksgiving. When defendant's deposition was originally set for November 26, 1969, Mr. Huppert contacted plaintiff's counsel, Mr. Cummins, and stated that he himself had a conflicting commitment on that date and that defendant had left on an extended business trip and was not expected to return before December. Mr. Cummins refused to take the matter off calendar unless Mr. Huppert would sign a written stipulation rescheduling the deposition. Mr. Huppert

agreed to do so and signed a stipulation setting the deposition for December 11.

In early December 1969, Mr. Huppert learned that his client would not return to California by December 11 and that he was establishing residence in Spain. Defendant had removed his furniture and personal effects from his home in Hillsborough when he originally left for Spain, and foreclosure proceedings had been commenced against the Hillsborough property.

On December 10, after learning of these facts, Mr. Huppert wrote Mr. Cummins and advised him that the original notice of deposition, and the rescheduling thereof, were ineffective, under Code of Civil Procedure, section 2019, subdivision (a)(2), because defendant was not residing within 150 miles of Mr. Cummins' offices at the time.

On December 22, upon receiving notice of plaintiff's motion to impose sanctions, Mr. Huppert wrote Mr. Cummins and asked for a postponement of the hearing, stating that he did not have adequate time to prepare and had another matter set for that date. Mr. Cummins refused to agree to a postponement.

At the hearing on plaintiff's motion to impose sanctions on December 29, Mr. Weinberger, an associate of Mr. Huppert's, appeared in court to request a continuance. The court denied defendant's request for a continuance, ordered that defendant's deposition be taken on January 12, 1970, and continued the motion for imposition of sanctions to January 27 for further hearing.

Mr. Cummins wrote Mr. Huppert on December 30, 1969, and offered to reschedule the January 12 deposition if that date were not convenient for Mr. Huppert. He enclosed a written stipulation to the rescheduling and asked that Mr. Huppert contact him by January 8 and return the stipulation by January 9.

On January 7, Mr. Huppert telephoned Mr. Cummins, and stated that he was unwilling to set the deposition for a different date, since he considered the proceedings ineffective. He advised Mr. Cummins that defendant would not appear for his deposition on January 12.

In addition to the above evidence pertaining to Mr. Cummins' unsuccessful efforts to depose defendant Gomez, it was also established that defendant Gomez was a party in two other actions pending in San Francisco Superior Court, Zolinsky v. Gomez (No. 605505) and Dana v. Gomez (No. 599821). In the Zolinsky case, defendant's deposition was originally scheduled for December 3, 1969, but was rescheduled for De-

cember 12 because Mr. Huppert had a conflicting commitment. On December 11, Mr. Huppert wrote opposing counsel, stating that defendant would not attend the deposition because he resided 150 miles away. Defendant did not in fact attend the deposition, and a motion for sanctions was pending in that action. In the Dana case, defendant's deposition was originally set for October 20, 1969, but was rescheduled for December 23 because Mr. Huppert had a conflicting commitment. On December 12, Mr. Huppert wrote opposing counsel, stating that the notice of deposition was ineffective because defendant resided 150 miles away. Defendant did not appear for the deposition, and a motion to impose sanctions was pending in that action.

After the above evidence had been received, Mr. Huppert was given the opportunity to explain defendant's failure to appear at the depositions. He argued, in essence, that if he had known from the outset that his client had left Hillsborough in October in order to establish residence in Spain and if he had also known that this furnished a valid ground for refusing to attend the deposition, he would never have stipulated that the November 26 deposition could be rescheduled for December 11. Mr. Huppert stated that he stipulated to the rescheduling of the deposition only because he believed at the time that his client was absolutely required to appear regardless of his place of residence. He denied that defendant's failure to appear was wilful, and he argued that it was merely "a matter of residence" and "a matter of distance." Mr. Huppert admitted that he had written to his client in mid-November and advised him of the pending deposition. With regard to defendant's availability in the future, Mr. Huppert stated that he suspected that the trial date would not be set for another 14 months and that defendant could certainly appear at a deposition within a reasonable time before the case went to trial.

At the conclusion of the January 27 hearing, the court granted plaintiff's motion to impose sanctions and ordered defendant Gomez' answer and cross-complaint stricken and his default entered. The court also ordered that in the event the foregoing provision of its order was reversed or nullified by a court of competent jurisdiction, defendant was directed to pay plaintiff's attorneys the sum of $1,000, plus $35 costs.

The court subsequently rendered a default judgment quieting plaintiff's title to the buildings subject of the action and permanently restraining defendant from asserting any claim thereto. Defendant filed notice of appeal from the judgment.

Defendant takes the position on appeal that the trial court abused its discretion in striking his answer and cross-complaint and ordering that

his default be entered. Defendant asserts that the purpose of the Discovery Act (Code Civ. Proc., §§ 2016-2036) is not to impose punishment and that a court should impose only such sanctions as are suitable and necessary to enable the party seeking discovery to obtain the objectives of the discovery he seeks. Defendant contends that he was not allowed a reasonable time within which to appear for his deposition and that the court imposed far too harsh a penalty when it struck his pleadings and deprived him of a trial on the merits. Defendant's position is untenable.

Pursuant to subdivisions (b)(2)(iii) and (d) of Code of Civil Procedure, section 2034, the court is expressly authorized to strike a party's pleading or enter a default judgment against him if he has refused to obey a court order to attend a deposition or has wilfully failed to attend a deposition after having been properly served with notice.

Although the ultimate sanction of default is a drastic penalty which should be sparingly used, the unsuccessful imposition of a lesser sanction is not an absolute prerequisite to the utilization of the ultimate sanction; and the test on appeal is whether the lower court abused its discretion on the particular facts before it. (*Scherrer* v. *Plaza Marina Coml. Corp.* (1971) 16 Cal.App.3d 520, 523-524 [94 Cal.Rptr. 85].)

Defendant relies upon *Crummer* v. *Beeler* (1960) 185 Cal.App.2d 851 [8 Cal.Rptr. 698], in support of his contention that the court should have imposed a lesser sanction upon him. However, the facts in that case are readily distinguishable. The defendant in the *Crummer* case was in Canada when his attorney received notice that his deposition was to be taken. Defendant's attorney advised plaintiff's attorney that defendant was absent from the country and had permanently changed his residence to Canada. Defendant's attorney suggested alternative dates when defendant's deposition could be taken, but plaintiff's counsel refused to consider the alternative dates and thereafter moved for and obtained an order striking the answer and entering a default judgment against defendant. Defendant moved for reconsideration of the order on the ground that it was harsh and unjust, but the trial court denied the motion. This court reversed the judgment on appeal, holding that the imposition of so harsh a sanction was not justified where defendant had been given no opportunity to be deposed on a date other than that originally set (despite his willingness to appear) and there had been no violation by defendant of a specific court order.

In this case, defendant was given at least two different opportunities to appear and be deposed before the trial court concluded that the only reasonable alternative available to it was to impose the ultimate sanction

by striking his answer and cross-complaint and ordering the entry of his default.

Defendant's deposition was originally set for November 26, 1969. When plaintiff's counsel learned that defendant was then away on a trip, he agreed to enter into a stipulation with defendant's attorney rescheduling the deposition for December 11. When defendant again failed to appear, plaintiff obtained a court order requiring defendant to appear and be deposed on January 12, 1970. Counsel appeared for Mr. Huppert at that court hearing and had ample opportunity to apprise the court of the reason for defendant's failure to comply with the stipulation that he would appear on December 11 for deposition. Although it was within the court's power to impose sanctions at that point, it refrained from doing so. Instead the court afforded defendant a reasonable opportunity to honor his stipulation by ordering him to appear for deposition on January 12, 1970. Prior to this latter date, counsel for Mr. Gomez advised plaintiff's counsel that defendant would not honor the court's order by attending the deposition hearing. Defendant again failed to appear on January 12. At the January 27 hearing on the motion to impose sanctions, defendant's attorney was still unwilling to suggest a specific date when defendant could appear and be deposed, and he offered nothing but the vague assurance that defendant could appear and be deposed sometime before the case went to trial.

At that same hearing, defendant's attorney attempted to justify his client's failure to appear and be deposed by contending that the original notice of deposition was ineffective because defendant had already moved his residence to Spain. While defendant's change of residence may well have justified his refusal to be deposed on November 26, it certainly furnished no basis for his refusal to appear on December 11, the date to which his attorney stipulated, or on January 12, the date on which the court ordered him to appear and be deposed. Code of Civil Procedure, section 2019, subdivision (a)(2), expressly provides that a deposition shall be taken within 150 miles of the defendant's residence *unless* the court otherwise orders or *unless* the parties stipulate to the taking of the deposition. In this case, defendant chose to ignore both a stipulation and a court order. The taking of such a calculated risk was wilful conduct, and it is of no benefit to defendant that he may have acted upon the advice of his attorney. (*Snyder* v. *Superior Court* (1970) 9 Cal.App.3d 579, 586-587 [89 Cal.Rptr. 534]; *Frates* v. *Treder* (1967) 249 Cal.App.2d 199, 204 [57 Cal.Rptr. 383].)

The evidence in this case establishes both a wilful failure to appear and be deposed pursuant to the stipulation of counsel and dis-

obedience of a court order. Under the circumstances here present, the trial court could justifiably conclude that defendant had no intention of being deposed and would continue to engage in evasive tactics to achieve that end. The trial court clearly did not abuse its discretion in striking the answer and cross-complant and entering defendant's default.

Defendant also contends on appeal that the trial court erred in ordering that defendant pay plaintiff's attorneys $1,000 in the event of the reversal or nullification of the order striking defendant's answer and cross-complaint and entering his default. This issue is moot, since the latter order must be upheld and the fine will therefore not be imposed upon defendant.

The judgment is affirmed.

Taylor, P. J., concurred.