565 So.2d 1382 (1990)
John Anthony GERUS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-280.
District Court of Appeal of Florida, First District.
August 6, 1990.
Barbara M. Linthicum, Carl S. McGinnes, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order entered in the circuit court for Columbia County by which appellant's involuntary hospitalization was continued under section 916.16, Florida Statutes. We reverse, concluding that on the record before us the court lacked jurisdiction to enter that order.
Appellant was charged by information with having committed a misdemeanor, a battery on his mother in violation of section 784.03, Florida Statutes. His counsel filed in the county court a notice of intent to rely upon the defense of insanity and a motion for a mental examination, noting that there was reason to believe that appellant was incompetent to stand trial and was insane at the time of the offense.
An order issued appointing Dr. Mhatre to examine appellant. The doctor found appellant to be suffering from paranoid schizophrenia with extensive delusions and auditory hallucinations. He opined that at the time of the offense appellant was insane, being "totally under the influence of strong delusion." The doctor also found that appellant was incompetent to stand trial. His report reads: "[A]ppellant remains paranoid and his psychosis is kept under partial control with medication. He definitely meets the criteria for involuntary commitment."
The county court entered an order of commitment, finding that appellant "meets the criteria for involuntary hospitalization set forth in [section] 916.15(1), and [section] 394.467(1)(a), Florida Statutes." The order committed appellant, pursuant to Fla.R. Cr.P. 3.217(b), to the Florida Department of Health and Rehabilitative Services (HRS) for an initial period of six months. Reserving jurisdiction over the case, the court also directed HRS to file a report at the end of six months addressing whether appellant needed continued involuntary hospitalization. After interim negative evaluations, in September 1989 appellant filed in the Columbia county court a "motion for transport" requesting transportation to the courthouse for a hearing on the issue of whether his continued involuntary hospitalization was necessary. The motion was granted and a hearing was scheduled. A report from appellant's psychologist at Florida State Hospital dated 9/20/89, which was filed with the court prior to the hearing, concluded that appellant did continue *1383 to meet the criteria for involuntary hospitalization at that time.
Prior to the scheduled hearing, appellant's counsel filed a motion to set aside the original order of commitment, asserting that the county court in which appellant had originally been committed had been without jurisdiction under either chapter 916 (the "Forensic Client Services Act") or chapter 394 (the Baker Act) to enter such an order of commitment. The hearing was held, and the county judge entered an order setting aside appellant's commitment, reciting:
This cause having come to be heard on the motion of the defendant to set aside order of commitment, the state not opposing the motion ... it is hereby ordered and adjudged that the order of commitment is set aside. The Court having received and considered the [9/20/89 report from appellant's psychologist at Florida State Hospital], it is further ordered that the defendant be held for further proceedings by the circuit court for determination of whether the defendant meets the criteria for involuntary commitment pursuant to "The Baker Act." (e.s.)
The county judge simultaneously filed in the circuit court a petition for involuntary examination on ex parte order "pursuant to chapter 394.463(2)(a)1," requesting that a law enforcement officer take appellant into custody and deliver him to the nearest receiving facility for examination and care. The petition and an attached affidavit recite that the petition is based upon both the personal observations made by the judge that appellant "is mentally ill and is likely to injure himself or others," and the judge's consideration of the 9/20/89 psychological report recommending continued care.
An order was immediately entered in the circuit court granting the request for an involuntary examination of appellant, pursuant to section 394.463(2)(a)1. A doctor's report submitted after the examination reads:
[Appellant] is presently completely free of any psychosis, has a fairly good insight into his problem, recognizes the importance of taking the medications. He is free of any suicidal or homicidal thoughts, and thus does not meet the criteria for Baker Act commitment.
A hearing was then held in the circuit court on the question of appellant's continued involuntary hospitalization. Judge Douglas, who had been the original committing county judge (and acting circuit judge) in appellant's case, presided, having been appointed to the circuit bench since that original commitment. The court considered the 9/20/89 letter from appellant's psychologist at Florida State Hospital, the involuntary examination report, and the testimony offered by that physician at the hearing, in part as follows: "[T]he legal aspects are that the man is sick and needs treatment, but if you ask me does he meet the criteria for Baker Act, I have to say no ... By definition ... he has not made any suicidal attempt ... although he remains ... very acutely psychotic... ." (e.s.) When asked whether appellant met "the criteria for commitment to the Department of HRS by reason of a not guilty plea," the doctor stated that appellant's original insanity had not yet "cleared," but noted that this problem did not merit restrictive commitment to HRS but would only require that appellant get medication and counseling. The physician clarified his conclusions that continued involuntary hospitalization was unnecessary by emphasizing that the Baker Act requires a finding that the patient is "suicidal or homicidal," and that both he and appellant's psychologist at Florida State Hospital agreed that appellant was neither at the time of this hearing.
A written order was entered continuing appellant's involuntary hospitalization. That order, now before us in this appeal, also states that the original order of commitment was erroneously rescinded, but finds that the defendant had nevertheless submitted to the circuit court's jurisdiction in the current proceeding by appearing to contest the order requiring his mental examination. The order on appeal also found that the Baker Act was "an improper course of action" for appellant, the court's inquiry into the need for continued hospitalization being governed by chapter 916, *1384 Florida Statutes, and the applicable rules of criminal procedure.
We agree with appellant's contention that the circuit court had no jurisdiction to continue appellant's involuntary commitment. The circuit court clearly could not act with respect to the original offense, a misdemeanor, and subject matter jurisdiction could not be conferred by waiver or the presence of the parties. Radford v. State, 360 So.2d 1303 (Fla. 2d DCA 1978). Further, the circuit court never acquired appellate jurisdiction over the county court's order vacating the original commitment (whether or not that order was erroneously entered), because the state failed to appeal it. For that reason we need not resolve the parties' specific contentions of alleged conflict between the statute and rules of criminal procedure.[1]
The state correctly argues that chapter 394, Florida Statutes, constitutes a civil/administrative means for involuntary commitment, and chapter 916, Florida Statutes, provides the criminal justice system with a mechanism for involuntary commitment. However, the order now before us does not purport to be a Baker Act commitment (for which, in any event, there appears to be no evidentiary basis in the record). We conclude therefore that the court clearly erred in exercising jurisdiction under Section 916.16, Florida Statutes, to order an involuntary commitment in the original criminal proceeding, and accordingly reverse.
It is so ordered.
NIMMONS and ALLEN, JJ., concur.
NOTES
[1] Florida Rules of Criminal Procedure 3.210-3.219 relate to criminal defendants who are incompetent to proceed during a criminal proceeding or who are found not guilty by reason of insanity in a criminal proceeding. The parties argue some inconsistency between the provisions governing commitment under current chapter 916, Florida Statutes, section 916.106(2), and the pertinent rules of criminal procedure. In this case the rules of procedure which apply to such a commitment do not limit such actions to the circuit court. Even if Ch. 916 might be so construed, we note that in In re Connors, 332 So.2d 336, 340 (Fla. 1976), the Florida Supreme Court found that the statutory provision in that case which attempted to derogate the authority of the committing judge (set out in the rule of criminal procedure governing insanity acquittals at that time) was superseded by that rule of procedure. This court, in Hill v. State, 358 So.2d 190, 197 (Fla. 1st DCA 1978) noted that Connors meant that "the trial court's commitment power over insanity acquitees was a procedural measure unaffected by inconsistent legislation which did not specifically repeal" the rule of criminal procedure applicable in that case.