631 So.2d 1129 (1994)
ATKINSON DREDGING COMPANY, Petitioner,
v.
Judge Patti Englander HENNING, a Judge of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Respondent.
No. 93-3626.
District Court of Appeal of Florida, Fourth District.
February 2, 1994.
Allan R. Kelley and Darren R. Latham, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for petitioner.
Ben J. Weaver, Weaver, Kuvin, Weaver & Lipton, P.A., Fort Lauderdale, for Carl E. Clark and Pamela J. Clark, parties in interest.
No appearance for respondent.
PER CURIAM.
We grant the petition for writ of prohibition sought herein, it being unnecessary that the writ itself issue.
*1130 At issue is whether the trial judge/respondent should be prohibited from presiding over the pending case before her in which case one of the two parties' law firms is the same firm representing the trial judge and her husband in a separate, unrelated action. We conclude that she should.
First, the trial judge apparently focused solely on her belief that she would not be biased and failed to consider the ramifications of her relationship with the attorneys representing her, which attorney-client relationship involves financial arrangements and confidentiality. We cannot perceive a trial judge considering argument from counsel on a case then going to counsel's office to discuss the judge's case.
Second, the appearance of justice proscribes the trial judge from continuing, even though the record may be void of any actual bias or prejudice on her part. On this point, while we have not been provided, nor have we located, Florida decisions which are factually similar, there are decisions from other jurisdictions, albeit not altogether identical, which support our conclusion.
In Smith v. Sikorsky Aircraft, 420 F. Supp. 661 (C.D.Cal. 1976), a federal district court judge sua sponte recused himself, stating that although he was not in fact biased, his impartiality might reasonably be questioned because a member of the law firm representing the plaintiffs had in the past acted as counsel for the judge both personally and in his judicial capacity.
Similarly, in Potashnick v. Port City Construction Co., 609 F.2d 1101, 1110-13 (5th Cir.1980), the reviewing court stated that disqualification of a judge was required where it was contended that the plaintiff's attorney represented the judge in several unrelated cases while the case was pending, where the judge was engaged in business dealings with the plaintiff's attorney while the case was pending, and where the judge's father was a partner in the law firm representing the plaintiff. The court noted, when discussing the first two grounds for disqualification, that the "appearance of impartiality" was important. Id. at 1111.
See also Zoline v. Telluride Lodge Ass'n, 732 P.2d 635 (Colo. 1987); In re Fiftieth District Court Judge, 193 Mich. App. 209, 483 N.W.2d 676 (1992). While these cases may be factually distinguishable, the basic premise, with which we agree, is that: "[j]ustice must satisfy the appearance of justice," Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954), even though this "stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties." In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955).
We have duly considered and rejected all of the arguments in response to the petition, albeit not discussed herein.
DELL, C.J., and GLICKSTEIN and WARNER, J., concur.