679 So.2d 1225 (1996)
Richard MARCOTTE, etc., et al., Petitioners,
v.
Hon. Linda GLOECKNER, Circuit Court Judge, etc., et al., Respondents.
No. 96-1726.
District Court of Appeal of Florida, Fifth District.
August 30, 1996.
Rehearing Denied September 24, 1996.
Edna L. Caruso and Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Maher, Gibson and Guiley, Orlando, for Petitioners.
Robert A. Butterworth, Attorney General, Tallahassee, and Henry A. Gill, Jr., Assistant Attorney General, Tampa, for Respondent Hon. Linda Gloeckner, Circuit Court Judge.
Michael J. Krakar and Nicholas A. Shannin of McDonough, O'Dell, Wieland & Williams, Orlando, for Respondent Jim Baker Construction, Inc.
George E. Carr of O'Neill, Chapin, Marks, Liebman, Cooper & Carr, Orlando, for Respondent Sunrise Gift & Souvenir, Inc.
W. David Rogers, Jr. of Rogers, Dowling, Fleming & Coleman, P.A., Orlando, for Respondents Vista Partners, Sellar-Morris Properties, Inc. and Morris Restaurants, Inc.
Elizabeth C. Wheeler of Johnson and Bussey, P.A., Orlando, for Respondent Larry Dee Bessey d/b/a Phase III Electric.
PER CURIAM.
Petitioners, plaintiffs below in three consolidated cases, seek a writ of prohibition from this court. They challenge the trial court's order denying their motions to disqualify. Under the circumstances presented, we grant the petition.
Petitioners alleged in their motions to disqualify that a law firm now involved with the instant litigation by virtue of its representation of the subrogated insurer, also recently represented the trial judge, who was a defendant in an unrelated civil action. Though the law firm no longer represents the judge, at *1226 one point it was representing both the judge and the insurer simultaneously.
On the instant facts, the trial court should have granted the motions to disqualify. See Atkinson Dredging Co. v. Henning, 631 So.2d 1129 (Fla. 4th DCA 1994) (recusal was required where the law firm representing one of the parties was the same law firm representing the trial judge and her husband in a separate, unrelated action); see also Potashnick v. Port City Constr. Co., 609 F.2d 1101 (5th Cir.), cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980) (where representation of trial judge by law firm was not ongoing, but was concurrent with the pending subject case, the appearance of bias was significant even in absence of actual bias); Smith v. Sikorsky Aircraft, 420 F.Supp. 661 (C.D.Calif.1976) (sua sponte ordering case reassignment based on past representation of the trial judge by plaintiffs' law firm). Though the trial judge in the instant case may not have been biased as a matter of fact, that is of no moment because, as Henning explained, "the appearance of justice proscribes the trial judge from continuing, even though the record may be void of any actual bias or prejudice on her part." Henning, 631 So.2d at 1130.
Additionally, while the motions to disqualify came after an adverse ruling, we do not agree with respondents that the motions were untimely as a result since the affidavits allege that the underlying facts were discovered only afterwards. We therefore conclude that Fischer v. Knuck, 497 So.2d 240 (Fla.1986), declined to extend on other grounds, Airborne Cable Television, Inc. v. Storer Cable TV of Florida, Inc., 596 So.2d 117 (Fla. 2d DCA 1992) is distinguishable.
Accordingly, we grant the petition for writ of prohibition. Because we are confident that the trial judge will promptly comply with this court's opinion, we withhold formal issuance of the writ at this time.
PETITION GRANTED.
COBB, GOSHORN and THOMPSON, JJ., concur.