SHAHOOD, Judge.
Petitioner, as personal representative of the Estate of Adrienne F. Grimson, seeks a writ of prohibition from this court. He challenges the trial court’s order denying his motion to disqualify the trial judge. Based on the facts presented in this particular case, we grant the petition.
At a hearing on a motion for consolidation, the presiding judge, in reviewing the pleadings and history of the case, announced that the administrator ad litem in the case had prepared the judge’s will approximately four years earlier. The administrator ad litem had been appointed by the previous trial judge to review the case and make recommendations to the court, but at the time of the hearing, had already completed his duties and been discharged by the previous judge.
Petitioner then filed a timely motion to disqualify based on the judge’s relationship with the administrator ad litem. At the hearing on the motion, the presiding judge interjected comments during petitioner’s argument in an attempt to clarify or explain counsel’s statements. The comments verged on arguing with counsel about evidence and other issues. In addition, the presiding judge cited to, read in open court, and marked into evidence an opinion from the Committee on Standards of Conduct Governing Judges regarding a similar situation.
After the judge denied the motion for disqualification, petitioner’s counsel attempted to speak, at which time the judge said “I have already ruled. It’s not like a party where you respond. You have had a chance to say what you had to say, so that ends it.”
Petitioner argues here that the judge, by his actions and statements, did not follow the directives of rule 2.160(f), Florida Rules of Judicial Administration (1997), and thereby placed himself in an adversarial position during the hearing. We agree.
The judge against whom a motion for disqualification is filed is permitted only to determine the legal sufficiency of the motion and not to comment about the facts upon which the motion is based. Gieseke v. Grossman, 418 So.2d 1056 (Fla. 4th DCA 1982); Fla. R. Jud. Admin. (1997) 2.160(f). While the judge in this case did not actually pass on the truth of the facts alleged, neither did he confine his decision to the mere determination of the legal sufficiency of the motion. The cumulative effect of his participation at the hearing created at least the appearance of an adversarial atmosphere between the judge and the petitioner, which requires recusal. See, e.g., MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1382, 1339 (Fla.1990).
The basic tenet for disqualification is, “[jjustice must satisfy the appearance of justice.” Atkinson Dredging Co. v. Henning, 631 So.2d 1129, 1130 (quoting Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954)). This tenet must be followed even if the record is lacking of any actual bias or prejudice on the judge’s part, and “even though this ‘stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.’ ” Atkinson, 631 So.2d at 1130 (quoting In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942, (1955)). Therefore, in the present case, even though there is no evidence of actual bias, we find that recusal is necessary to satisfy the appearance of justice. See, e.g., Marcotte v. Gloeckner, 679 So.2d 1225 (Fla. 5th DCA 1996).
Although we grant the petition for writ of prohibition, we find it unnecessary at this point to formally issue the writ itself. We are confident that the trial judge will promptly comply with this opinion after which the chief judge of the Seventeenth Judicial Circuit shall assign another judge *1029 within the circuit to preside over the proceedings against petitioner.
GUNTHER and PARIENTE, JJ., concur.