711 So.2d 213 (1998)
Bette C. LYTLE, Appellant,
v.
Carlene ROSADO, Appellee.
No. 98-951.
District Court of Appeal of Florida, Third District.
May 20, 1998.
*214 Betsy E. Gallagher, Tampa, for appellant.
Stephen A. Kandell, Miami, for appellee.
Before GERSTEN, GODERICH and SORONDO, JJ.
PER CURIAM.
The petitioner in this case, Bette C. Lytle, seeks a writ of prohibition to review the denial of her motion for disqualification of the trial judge. Lytle is the defendant in an action brought by Carlene Rosado, and is insured by United Services Automobile Association ("USAA"). USAA has retained counsel to defend Lytle in the underlying action.
During the pendency of the action, Lytle discovered that the trial judge, the Honorable Alan L. Postman, is a member of USAA. She further discovered that Judge Postman was issued an insurance policy by USAA, that Judge Postman's stepson had made a claim under this policy, that the claim is still pending and that the Judge's stepson will soon be filing a lawsuit against USAA. Lytle filed a motion to disqualify Judge Postman, and filed an affidavit expressing a fear that she would not receive a fair trial. Lytle also filed an affidavit of the USAA claims adjustor handling the stepson's claim, in which the adjustor expressed a fear that neither USAA nor Lytle would receive a fair trial. Judge Postman denied the motion.
A motion for disqualification must be granted if it is legally sufficient. See Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983); Dickenson v. Parks, 104 Fla. 577, 140 So. 459, 462 (1932); Barber v. MacKenzie, 562 So.2d 755, 757 (Fla. 3d DCA 1990); Breakstone v. MacKenzie, 561 So.2d 1164, 1167 (Fla. 3d DCA 1989), affirmed in relevant part, 565 So.2d 1332 (Fla.1990). In Breakstone, this court stated:
The affiant must recite "facts and circumstances that would lead any normal human being in the position of [the movant] to `fear' that he would not receive a fair trial...." "`If the attested facts supporting the suggestion are reasonably sufficient to create such a fear, it is not for the trial judge to say that it is not there.'" So long as the allegations "`are not frivolous or fanciful, they are sufficient to support a motion to disqualify....'"
561 So.2d at 1167-68 (citations omitted); see also Livingston, 441 So.2d at 1087; Barber, 562 So.2d at 757.
In the present case the grounds set forth by the movant are legally sufficient for disqualification. A reasonable person would fear that where a member of the trial judge's immediate family has a claim pending against the insurance company providing representation for that person, there may be bias against that insurance company and against the party being represented. It is also clear that USAA will ultimately be liable for any verdict returned against Lytle. It would be extremely awkward, to say the least, to negotiate with the Judge's stepson in one case while the Judge presides over the issue of the insurer's liability and damages in the present case. See generally Villeneuva v. State, 127 Fla. 724, 173 So.906, 906 (1937) (judge should have disqualified himself where sister and brother-in-law were allegedly victims of crime by defendant); Marcotte v. Gloeckner, 679 So.2d 1225, 1225-26 (Fla. 5th DCA 1996) (judge should have disqualified herself where law firm representing subrogated insurer in case pending before judge also represented the judge in an unrelated action); Atkinson Dredging Co. v. Henning, 631 So.2d 1129, 1130 (Fla. 4th DCA 1994) (judge should be prohibited from presiding over pending case in which one of the parties' law firms is the same firm representing the trial judge and her husband in a separate, unrelated action); Town Centre of Islamorada, Inc. v. Overby, 592 So.2d 774, 775-76 (Fla. 3d DCA 1992) (judge should have disqualified himself where extra-judicial dispute between judge and counsel for party in pending case occurred eleven months prior to filing pending cases).
The petition for writ of prohibition is therefore granted and we direct that Judge Postman disqualify himself in this proceeding.