KLEIN, J.
This petition for writ of prohibition, seeking quashal of an order denying the petitioner’s motion to disqualify, was grounded on the following letter written by Judge Bryan.
Re: The Fort Pierce/Port St. Lucie Tribune vs Stephanie Perona
Dear Counsel:
I was advised by Mrs. Moore of my former law office that someone had called to inquire as to whether I have ever represented The Tribune. I have. Without pulling files, my best recollection is that I represented it in 1994 or 1995 relative to an effort to have a Court hearing closed. I also represented it 5 — 10 years ago when it bought property in Port St. Lucie. Over 10 or 15 years ago I represented it on two or three other matters, the substance of which I don’t recall. My initial dealings were with Bob Enns who is now deceased, and my last dealing was with Dave Rutledge who is no longer with The Tribune.
With this information, anyone may do whatever they choose.
The Canon of our Code of Judicial Conduct which addresses this subject in general is Canon 3E, which requires judges to disqualify themselves “when the judges’ impartiality might be reasonably be questioned.” The Canon contains several examples of interests or relationships which would be grounds for disqualification; however, having formerly represented one of the parties is not one of the examples, nor is the former representation in this case analogous to any of the examples.
In Tampa St. Railway & Power Co. v. Tampa Suburban R.Co., 30 Fla. 595, 11 So. 562 (1892), one of the parties had been previously represented by the judge, before the judge went on the bench, and the Florida Supreme Court concluded that this, without more, was not a ground for disqualification. Needless to say, the prior representation had not involved advice pertaining to issues in the pending case. Nor does it here.
The petition for writ of prohibition is denied.
FARMER and HAZOURI, JJ., concur.