807 So.2d 142 (2002)
BETHESDA MEMORIAL HOSPITAL, INC., Petitioner,
v.
James CASSONE and Allen E. Rossin, P.A., Respondents.
No. 4D01-2360.
District Court of Appeal of Florida, Fourth District.
January 30, 2002.
Rehearing Denied March 8, 2002.
*143 William T. Viergever of Sonneborn Rutter Cooney & Klingensmith P.A., West Palm Beach, for petitioner.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., and Philip L. Valente, Jr., of Silber & Valente, West Palm Beach, for respondents.
STEVENSON, J.
We grant the petition for writ of prohibition filed in this case by Bethesda Memorial Hospital seeking to bar Palm Beach County Circuit Judge John Wessel from continuing to preside over a collection proceeding against J. Cassone and his attorney, Allen E. Rossin, P.A. Bethesda seeks to have Judge Wessel recused because one of its affiliate companies, Focus Financial, has a debt collection matter involving the judge's late wife's estate. No litigation has arisen in that matter and no judgment has been obtained. Although Focus Financial is not a party in this suit, it is the collection agent involved in the present claim.
We conclude that the facts presented in the sworn affidavits are legally sufficient to require disqualification. See J & J Towing, Inc. v. Stokes, 789 So.2d 1196 (Fla. 4th DCA 2001)(finding prohibition proper where the plaintiff's attorney sued the judge's wife, both in her individual capacity and as a member of the Broward County School Board); Lytle v. Rosado, 711 So.2d 213 (Fla. 3d DCA 1998)(finding that motion to disqualify should have been granted where the trial judge's stepson had a claim pending against the insurance company which had retained counsel to represent the defendant in the action); Atkinson Dredging Co. v. Henning, 631 So.2d 1129 (Fla. 4th DCA 1994)(granting prohibition based on motion to disqualify when one of the parties' law firms was the same firm representing the trial judge and her husband in a separate, unrelated action).
As this court stated in Kielbania v. Jasberg, 744 So.2d 1027, 1028 (Fla. 4th DCA 1997):
The basic tenet for disqualification is, "[j]ustice must satisfy the appearance of justice." Atkinson Dredging Co. v. Henning, 631 So.2d 1129, 1130 (quoting Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954)). This tenet must be followed even if the record is lacking of any actual bias or prejudice on the judge's part, and "even though this `stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.'" Atkinson, 631 So.2d at 1130 (quoting In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)).
The essence of Bethesda Memorial's concern is set forth on page 2 of its October 18, 2001 Joint Reply:
JUDGE WESSEL and his wife had been in a remarkably similar position as RESPONDENTS in that they had been subjected to the collection practices of BETHESDA'S affiliate, Focus Financial, and it is the collection practices of Focus Financial that are at issue in the counter-claim in the pending case.... Focus Financial, had previously called JUDGE WESSEL's home, extracted promises to pay over the phone, left messages at his home number, and even retained an attorney who sent letters to the Judge's wife demanding payment.
For the first time, and on appeal, respondents claim that the motion was untimely. The trial judge's order did not indicate that the motion was denied because of timeliness. Even though the case *144 had been pending before Judge Wessel for some time, the sworn motion stated that it was filed within ten days after discovery of the facts constituting the grounds for recusal. This affirmation is not refuted by the record, and there is no basis therein to find that the motion was not timely filed. See Marcotte v. Gloeckner, 679 So.2d 1225 (Fla. 5th DCA 1996)(accepting the sworn allegation of timeliness absent any indication in the record otherwise).
Accordingly, we grant the petition and direct Judge Wessel to disqualify himself in this proceeding.
KLEIN, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would deny the petition because the grounds alleged in the petition are too remote and speculative to mandate recusal.
Recusal should not be required simply because Petitioner, a hospital, uses the same collection agent used in a claim against the judge's spouse by another hospital years earlier. I note that the only prior communications by the collection agency were more than two years before the Petitioner filed this motion for recusal. No formal claims were ever filed against the judge's late wife or her estate, no claim has been brought or made against the judge either directly or indirectly, and there is no indication that any liability might presently exist.
I would also hold that Petitioner's motion for recusal was untimely. This case was pending in Judge Wessel's division for five months before the recusal motion. I would hold that Petitioner has not met the burden to show timeliness simply by alleging that the motion to recuse was filed "within ten days after discovering the facts."