POLEN, C.J.
Hewitt filed this appeal challenging the trial court’s denial of her motion to recuse himself post-trial. We find that such denial was in error and hereby reverse the trial court’s denial of Hewitt’s motion to mitigate and motion for new trial and remand so that a new judge may be appointed to hear those motions.
Once convicted of failing to pay sales tax, Hewitt obtained new counsel who filed a verified motion to recuse the trial judge from hearing further motions. In her motion, Hewitt alleged that the judge, while in private practice, once represented her husband in a divorce case against Hewitt seven years earlier. She further alleged that her husband was the owner of the business which failed to pay the tax, which was the subject of the current proceedings.
The trial court found that the motion was not timely made and denied the motion. The judge commented that he did not recall ever representing Hewitt’s husband. Subsequently, the court heard testimony on Hewitt’s motions to mitigate and for a new trial and denied both.
Pursuant to Florida Rules of Judicial Administration 2.160(f), “If any motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.” In addition, this court has previously noted that the basic tenet for disqualification is the appearance of justice. “This tenet must be followed even if the record is lacking of any actual bias or prejudice on the judge’s part.” Bethesda Memorial Hospital, Inc. v. Cassone, 807 So.2d 142, 143 (Fla. 4th DCA 2002).
We conclude that by commenting that he did not recall ever representing Hewitt’s husband, the trial judge failed to follow the directive of rule 2.160(f) and further gave the appearance of taking an adversarial position at the hearing and diluting the appearance of justice. As a result, we conclude that the orders entered after this misconduct must be reversed and that the case be remanded so that a new judge may be assigned to hear the motions.
FARMER, J., concurs.
TAYLOR, J., dissents with opinion.