PER CURIAM.
The City of Fort Lauderdale petitions for a writ of prohibition seeking review of the denial of its motion to disqualify the trial judge from certiorari proceedings below. We grant the petition.
In the underlying matter, the City denied approval of a developer’s site plan for a proposed redevelopment. The developer petitioned the circuit court for certiorari review of the City’s decision.
The developer’s attorney in the proceedings with the City had represented the judge in a separate matter before the Judicial Qualifications Commission. That attorney also filed the petition for certiorari and supporting appendix in the circuit court.
In Peterson v. Asklipious, 833 So.2d 262, 263-64 (Fla. 4th DCA 2002), this court summarized the standard of review and the test for reviewing a motion to disqualify:
Allegations in a motion to disqualify are reviewed under a de novo standard as to whether the motion is legally sufficient as a matter of law. See § 38.10, Fla. Stat.; Armstrong v. Harris, 773 So.2d 7 (Fla.2000). A motion to disqualify is governed in substance by section 38.10, Florida Statutes, and procedurally by rule 2.160, Florida Rules of Judicial Administration. The rule states that “[a] motion to disqualify shall show ... that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge.” Fla. R. Jud. Admin. 2.160(d)(1).
Whether the motion is legally sufficient requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial.
The term “legal sufficiency” encompasses more than mere technical compliance with the rule and the statute; the court must also determine if the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.
Id. at 263-64 (other citations omitted).
The City met its burden in this case. The general rule is that disqualification of the judge is required if counsel for one of the parties is representing or has recently represented the judge. See Atkinson Dredging Co. v. Henning, 631 So.2d 1129 (Fla. 4th DCA 1994); Marcotte v. Gloeckner, 679 So.2d 1225 (Fla. 5th DCA 1996). In Atkinson, we cited with approval to Smith v. Sikorsky Aircraft, 420 F.Supp. 661 (C.D.Cal.1976). In that case the judge sua sponte ordered the case reassigned because a member of the law firm representing the plaintiffs had in the past acted as counsel for the judge. Atkinson, 631 So.2d at 1130.
The developer’s position is that recusal of the trial judge was not required because its attorney withdrew from the case after it had been assigned to the trial judge. However, such a withdrawal does not erase the attorney’s involvement. We agree with the City’s contention that a “central concern” here is “the appearance of impropriety in a circuit judge reviewing a petition ... that was drafted and filed by the judge’s personal counsel to seek review of that same counsel’s presentation of a case in an administrative tribunal.” As we observed in Atkinson, the value that guides this case is that “ ‘justice must satisfy the appearance of justice,’ ” even though this “ ‘stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.’ ” 631 So.2d at *1104 1130 (quoting Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954), and In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955)).
SHAHOOD, GROSS and MAY, JJ„ concur.