PER CURIAM.
We grant a petition for writ of prohibition filed by the plaintiffs in a medical malpractice action against numerous defendants, including Good Samaritan Hospital. At the time the trial court judge was assigned to this case, in February 2003, she sua sponte issued a “Notice” stating: “During the time the undersigned Judge was in private practice, her former law firm represented Good Samaritan Hospital, Inc. in medical malpractice cases.” Petitioners did not move for disqualification at that time.
Prior to the motion to disqualify at issue here, Petitioners filed a motion for disqualification in December 2005, based on allegations that the judge had an antagonistic attitude toward Petitioners’ counsel stemming from a case when the judge was in private practice. The judge, after hearing argument on that motion, advised the parties that she had issued an order denying it the day before, but that, “Nothing that was said this morning changes that order.”
Petitioners claim that they subsequently learned that the judge had personally represented Good Samaritan Hospital in medical malpractice litigation, including during the time this case was pending. They allege that they also learned relevant information concerning the judge’s former relationship with St. Mary’s Hospital and with another defense firm in the case, *963 information which gave them serious' concern.
On December 29, 2005, in open court, Petitioners requested disclosure from the judge on matters related to the judge’s relationship with the hospitals and their management, insurance adjusters, and counsel. The judge did not respond to this inquiry. The instant motion to disqualify was filed on or about January 3, 2006. In it, Petitioners alleged that they had discovered within ten days of the filing of the motion that the judge:
(1) was a defense lawyer who personally represented Good Samaritan Hospital, a defendant in this case;
(2) was counsel of record for Good Samaritan Hospital in another lawsuit in Palm Beach circuit court from 1999 until 2001;
(3) personally represented Good Samaritan in litigation for two years at the same time this incident occurred and this suit was pending, such that the judge allegedly “had privileged and confidential contact” with the lawyers, risk managers and insurance adjusters for Good Samaritan;
(4) personally represented St. Mary’s Hospital, which was owned by the same corporation as Good Samaritan, a sister hospital, shared the same insurance adjusters, risk managers and clinical policies, at the same time that this cáse was pending;
(5) personally represented St. Mary’s Hospital in a case in which a co-defendant was also a defendant in this case, and had a “community of interest and shared defense privilege with” that defendant;
(6) worked for a law firm which represents a defendant in this case, and is still close personal friends with lawyers in that firm;
(7) recused herself in another case because St. Mary’s was a defendant, but failed to disclose this recusal to Petitioners herein;
(8) failed to disclose in the “Notice” that the firm she worked for in 2002 had represented Good Samaritan and that she had personally represented the hospital;
(9) refused to reveal the extent of her relationships with defense counsel, adjusters, risk managers and defendants;
(10) refused to reveal what information she was exposed to by Good Samaritan risk managers, insurance adjusters and lawyérs about this case prior to taking the bench; and
(11) denied the earlier motion to disqualify filed in this case in advance of the hearing on the motion, but failed to disclose that fact until after argument of counsel.
The response to this court’s order to show cause, filed by the defendants/respondents did not materially dispute Petitioners’ factual claims.
Rule 2.160(e) of the Florida Rules of Judicial Administration, provides that the motion shall be filed within ten (10) days of discovery of the facts on which it is based. Petitioners alleged that they filed within ten days of discovery, but without further detail or explanation. We recognize that it could be argued that Petitioners have known about this judge being assigned the case for about one year, and could have discovered the grounds for disqualifying her well before now. Nevertheless, this court’s opinion in Bethesda Memorial Hospital, Inc. v. Cassone, 807 So.2d 142 (Fla. 4th DCA 2002), supports a conclusion that the motion was timely filed. There, Bethesda sought to have the presiding judge recused because one of its affiliate companies, Focus Financial, had a debt collection matter involving the judge’s *964 late wife’s estate. Id. at 143. Notwithstanding that the case had been pending before the presiding judge for five months before the recusal motion was filed, this court said:
[T]he sworn motion stated that it was filed within ten days after discovery of the facts constituting the grounds for recusal. This affirmation is not refuted by the record, and there is no basis therein to find that the motion was not timely filed. See Marcotte v. Gloeckner, 679 So.2d 1225 (Fla. 5th DCA 1996) (accepting the sworn allegation of timeliness absent any indication in the record otherwise).
Id. at 144.
We conclude that Petitioners’ motion was legally sufficient and that Petitioners were not required to conduct an investigation relating to the impartiality of the judge.
Disqualification of a trial judge is governed procedurally by Florida Rule of Judicial Administration 2.160 and substantively by section 38.10, Florida Statutes, and the case law applying it. Rule 2.160(d)(1) provides: “[a] motion to disqualify shall show ... that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge.... ”
Prior representation, in and of itself, does not automatically mandate recu-sal. See, e.g., Perona v. Fort Pierce/Port St. Lucie Tribune, 763 So.2d 1188 (Fla. 4th DCA 2000). Here, however, as Petitioners argue, the judge would have had a conflict of interest preventing her, if she had remained in practice, from representing them given her prior representation of Good Samaritan and, therefore, should not be deemed impartial. This was sufficient to require recusal.
Therefore, the petition is granted. We withhold issuing a writ, as we assume trial court compliance.
STONE, GROSS and TAYLOR, JJ., concur.