LAWSON, J.
Carl Joe Howard appeals from his conviction for battery (and probationary sentence imposed by the trial court), raising two issues. First, he alleges error in the denial of his motion to disqualify the trial judge. Second, he argues that the trial court erred in denying his motion for mistrial. Although we find that the motion to disqualify was properly denied, we agree with Howard as to his second point on appeal, and reverse the conviction.
Howard was charged by information with one count of aggravated assault with a deadly weapon,[1] and one count of simple battery.[2] He was acquitted as to the felony assault charge, but the State’s case was problematic with respect to both charges. *1262 The victim, Martha Jay, presented inconsistent testimony at trial, and was thoroughly impeached with prior inconsistent statements during cross examination. Her testimony was also inconsistent with that of the other alleged eye-witness, Ms. Jay’s son. Finally, the injuries that Ms. Jay claimed to have sustained as a result of the battery could not be confirmed by the law enforcement officers who responded to the scene. Both officers testified that the physical evidence at the scene was not consistent with Ms. Jay’s statement of events.
Prior to trial, Howard’s counsel filed both a verified motion to disqualify the trial judge and a written motion in limine to preclude statements at trial regarding any of Howard’s “other crimes or bad acts.” The factual basis for the disqualification motion involved a dependency proceeding over which the trial judge presided prior to or during the course of Howard’s criminal case. The dependency case dealt with a minor child that Howard had fathered with the victim. According to the verified motion, the judge heard damaging evidence regarding Howard, made rulings contrary to Howard’s interests or position, and found the victim’s testimony during the dependency trial to have been credible. We find none of these allegations to be legally sufficient to support a motion to disqualify. See, e.g., Winburn v. Earl’s Well Drilling & Pump Service, 939 So.2d 199, 200 (Fla. 5th DCA 2006) (recognizing prior adverse rulings by a trial judge are not a legally sufficient ground upon which to base a motion to disqualify); Scott v. State, 909 So.2d 364 (Fla. 5th DCA 2005) (recognizing the misconduct of a litigant during a prior case over which a judge presides is no basis to disqualify the judge from presiding over other cases involving the same litigant); Rivera v. State, 717 So.2d 477, 481 (Fla.1998) (“The fact that the judge has made adverse rulings in the past against the defendant, or that the judge has previously heard the evidence, or ‘allegations that the trial judge had formed a fixed opinion of the defendant’s guilt, even where it is alleged that the judge discussed his opinion with others,’ are generally considered legally insufficient reasons to warrant the judge’s disqualification.”) (quoting Jackson v. State, 599 So.2d 103, 107 (Fla.1992)).
The motion also alleges that the judge made a statement during the dependency case likening Howard to Charles Manson. Although a comment of this nature might serve as a sufficient basis for disqualification, depending upon what was said and the circumstances under which it was said, neither the motion itself nor anything in the record on appeal demonstrates that the motion was timely filed, the exact nature of the comment, or its context. Therefore, we agree that the motion was legally insufficient and properly denied.
A motion to disqualify must generally be filed “within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion,” and must “allege specifically the facts and reasons upon which the movant relies as the grounds for disqualification.” Fla. R. Jud. Admin. 2.160(c), (e). With respect to timing, the motion does not allege when the purported comment was made, and nothing in the record demonstrates that the motion was timely. See Carter v. Howey, 707 So.2d 906, 906 (Fla. 5th DCA 1998) (holding “this court is unable to determine that the motion was timely because the father did not include the dates of the relevant hearings in the motion and the record does not contain transcripts of these hearings”).
With respect to the trial court’s purported comment, even if the statement was *1263 made during the course of the dependency trial, based upon evidence presented, it would not serve as a basis for disqualifying the judge from presiding over other matters involving Howard unless the words spoken evidenced actual bias. See Waterhouse v. State, 792 So.2d 1176, 1192-94 (Fla.2001) (holding sentencing judge’s comment that defendant was “a dangerous and sick man and that many other women have probably suffered because of him,” made during official proceedings and based upon evidence presented to the court was not sufficient to support a motion to disqualify the judge from other proceedings involving the defendant because the comment “did not constitute a prejudgment of any pending or future motions that the defendant might file” nor indicate “a predisposed bias against the defendant”); Wargo v. Wargo, 669 So.2d 1123, 1124 (Fla. 4th DCA 1996) (“Generally, mere characterizations and gratuitous comments, while offensive to the litigants,- do not in themselves satisfy the threshold requirement of a well-founded fear of bias or prejudice.”); Oates v. State, 619 So.2d 23 (Fla. 4th DCA 1993) (holding trial judge’s comment that the defendant was “being an obstinate jerk” was insufficient to support a motion to disqualify the judge when the defendant had continuously interrupted the proceedings to the extent that he had to be removed from the courtroom), rev. denied, 629 So.2d 134; Brown v. Pate, 577 So.2d 645, 647 (Fla. 1st DCA 1991) (“A judge may form mental impressions and opinions during the course of presentation of evidence, as long as she does not prejudge the case.”). Although a comment likening a party to a notoriously bad person could be made in a manner or context demonstrating that the judge making the comment was prejudiced aghinst the party, the scant allegations of Howard’s motion fall short of making the necessary showing. Therefore, we conclude that the trial court correctly denied the motion as legally insufficient.
With respect to the second issue on appeal, Howard’s counsel argued the motion in limine prior to the start of trial. There was no objection from the State, and the court granted the motion. During trial, however, and over defense objection, the victim was allowed to testify that: (1) she was familiar with Howard’s prior “mental problems,” (2) she had been told that Howard sold a camper-trailer that she owned (but left on his property at some point in the past) in exchange for crack cocaine to give to his current girlfriend; and (3) she had obtained an injunction prohibiting Howard from having any contact with her after the alleged assault and battery, but that he continued to write her, telling her that he was watching her from a lot near her new residence, in a series of “long rambling” letters that were “just crazy — God was telling him I was doing this or that.”
With this testimony as part of the backdrop for analyzing Howard’s motion for mistrial, the State asked the victim about the child Howard had fathered with her prior to the alleged assault and battery. The victim began to explain that when she lived in her trailer behind Howard’s house, he had a key to the trailer. She then explained that she would “pass out” from back pain she was experiencing, and Howard would come into the trailer. Concerned about where Ms. Jay’s narrative was headed, defense counsel interrupted with an objection, which the trial court properly sustained. The judge then reminded the State of his ruling on Howard’s motion in limine. Despite the warning, this exchange followed:
Prosecutor: [D]id you have any type of relationship with him after you broke up?
*1264 Ms. Jay (victim): Only when he broke in and raped me while I was unconscious.
Defense counsel immediately moved for a mistrial. The trial court denied the motion and simply instructed the jury to ignore Ms. Jay’s response. Under the circumstances, we find that the curative instruction was inadequate, and that the motion for mistrial should have been granted. Given the quantity and quality of evidence before the jury, and in light of the other evidence improperly presented over defense objection, we cannot say beyond a reasonable doubt that the victim’s statement that Howard had raped her in the past did not affect the verdict. Cf. Cooper v. State, 659 So.2d 442 (Fla. 2d DCA 1995) (finding victim’s statement that defendant had raped her daughter in incident not charged in pending case was so prejudicial as to warrant mistrial given circumstances of that case).
Therefore, we reverse and remand this matter back to the trial court.
REVERSED and REMANDED.
TORPY and EVANDER, JJ., concur.

. § 784.02 l(l)(a), Fla. Stat. (2005).

. § 784.03, Fla. Stat. (2005).