954 So.2d 68 (2007)
Jerry David CORIE and Genie H. Corie, together as Husband and Wife, and Coalition for Property Rights, Inc., a Florida nonprofit corporation, Petitioners,
v.
CITY OF RIVIERA BEACH; Riviera Beach City Council; Riviera Beach Community Redevelopment Agency; and Michael Brown, Mayor of the City of Riviera Beach, and Norma Duncombe, Ann Iles, James Jackson, Vanessa Lee, and Elizabeth Wade, Members of the Riviera Beach City Council, all in their official capacities, Respondents.
No. 4D06-3571.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
*69 Valerie A. Fernandez and Steven Geoffrey Gieseler of Pacific Legal Foundation, Coral Gables, for petitioners.
Bradley G. Harper of Olds & Stephens, P.A., West Palm Beach, for respondents.
SHAHOOD, J.
In this petition for writ of prohibition, Jerry David Corie and Genie H. Corie, husband and wife, and Coalition for Property Rights, Inc. (petitioners), plaintiffs below, seek relief barring Palm Beach County Circuit Court Judge Diana Lewis (Judge Lewis) from continuing to preside over a lawsuit they filed against the City of Riviera Beach in connection with prospective eminent domain proceedings. We grant the petition.
The City of Riviera Beach is presently involved in an effort to use the power of eminent domain to seize private property deemed blighted for private redevelopment. Petitioners sued the city and other related defendants (collectively, the city), seeking (1) an injunction against the city's expenditure of public money to further this redevelopment scheme, and (2) a declaratory judgment that the city's action violates Florida law.
Their motion to disqualify Judge Lewis alleged that her father, Philip D. Lewis (Mr. Lewis), deeded to himself, as trustee of the Philip D. Lewis Trust, property which is located in the city's Community Redevelopment Area, the target of the redevelopment plan. At various times the property has been on the list of those *70 parcels to be taken and at other times it has not been on the list, but either way the plan will significantly impact the monetary value of Mr. Lewis's property; e.g., if it is not taken, redevelopment of surrounding properties likely will result in a significant increase in the value of Mr. Lewis's property. Thus, Mr. Lewis has an interest in the instant action, and his familial relationship with Judge Lewis gives rise to petitioners' well-grounded fear that they may not receive a fair hearing from Judge Lewis. In a written order, Judge Lewis denied the motion without stating any reason.
When the technical requirements are met, rule 2.330(f), Florida Rules of Judicial Administration, requires a judge to enter an order granting disqualification if the motion to disqualify is "legally sufficient." The motion is legally sufficient if it shows the party's well-grounded fear that the party will not receive a fair trial. See Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983). It is not a question of what the judge feels, but the feeling in the mind of the party seeking to disqualify and the basis for that feeling. See Wargo v. Wargo, 669 So.2d 1123, 1124 (Fla. 4th DCA 1996). However, it is the burden of the party seeking disqualification to show that party has a well-grounded fear of not receiving a fair trial. See Adkins v. Winkler, 592 So.2d 357 (Fla. 1st DCA 1992).
Petitioners argue that their motion and affidavits demonstrate precisely the kind of well-grounded fear that entitles a party to disqualify a trial judge: the presiding judge's father owns property the value of which will be significantly affected by the outcome of this case. The case presents a potential for the judge's father to benefit, and perhaps also the judge herself, depending on the provisions of the trust, by an increase in the value of the property in question.
Besides the fear of not receiving a fair trial or hearing because of some specifically described prejudice or bias of the judge, which is a ground listed in rule 2.330(d)(1), rule 2.330(d)(2) lists the following as a separate ground:
(2) that the judge before whom the case is pending, or some person related to said judge by consanguinity or affinity within the third degree, is a party thereto or is interested in the result thereof, or that said judge is related to an attorney or counselor of record in the cause by consanguinity or affinity within the third degree, or that said judge is a material witness for or against one of the parties to the cause.
Fla. R. Jud. Admin. 2.330(d)(2) (emphasis added). Clearly, Judge Lewis is related to Mr. Lewis by consanguinity within the third degree, and arguably Mr. Lewis is interested in the result.
Petitioners also make reference to section 38.02, Florida Statutes, and Florida Code of Judicial Conduct Canon 3E. Section 38.02, Florida Statutes (2006) (emphasis added), provides in part as follows:
In any cause in any of the courts of this state any party to said cause, or any person or corporation interested in the subject matter of such litigation, may at any time before final judgment, if the case be one at law, and at any time before final decree, if the case be one in chancery, show by a suggestion filed in the cause that the judge before whom the cause is pending, or some person related to said judge by consanguinity or affinity within the third degree, is a party thereto, or is interested in the result thereof. . . . If the truth of any suggestion appear from the record in said cause, the said judge shall forthwith enter an order reciting the filing of the suggestion, the grounds of his or her *71 disqualification, and declaring himself or herself to be disqualified in said cause.
Canon 3.E(1)(c) (emphasis added) provides in pertinent part as follows:
E. Disqualification.
(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
. . . .
(c) the judge knows that he or she individually or as a fiduciary, or the judge's spouse, parent, or child wherever residing, or any other member of the judge's family residing in the judge's household has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding[.]
The comment to Canon 3E provides that "a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific rules in Section 3E(1) apply." (Emphasis added.)
The city's strongest argument is that petitioners' motion was legally insufficient for (1) failure to allege a direct pecuniary or direct property interest and (2) failure to allege a right or privilege in the subject matter of litigation whereby liability or pecuniary gain must occur on event of suit. Compare State v. Chillingworth, 95 Fla. 699, 116 So. 633, 634-35 (1928) ("`The interest which disqualifies a judge is a direct pecuniary or a direct property interest or one which involves some individual right or privilege in the subject-matter of the litigation whereby a liability or pecuniary gain must occur on the event of the suit.'") (quoting 33 C.J. 992). If the instant litigation affects Mr. Lewis's property, it will do so only indirectly; neither liability nor pecuniary gain must necessarily and directly result from this lawsuit.
Nevertheless, we hold, pursuant to Canon 3.E(1)(c), in that her father has "an economic interest in the subject matter in controversy" that "could be substantially affected by the proceeding," the trial judge should have disqualified herself from further consideration of this proceeding. This is confirmed by the comment to Canon 3E, which provides that "a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific rules in Section 3E(1) apply."
Based on the foregoing, we grant the petition for writ of prohibition and direct the Chief Judge of the Fifteenth Judicial Circuit to have this case reassigned to a successor judge.
Petition Granted.
TAYLOR and MAY, JJ., concur.