PER CURIAM.
Peter J. Aurigemma seeks review of an order that denied his motion to disqualify the trial judge from presiding over his upcoming rule 3.850 evidentiary hearing. We grant the petition.
Pending below is Aurigemma’s motion filed pursuant to Florida Rule of Criminal Procedure 3.850 wherein he alleges ineffective assistance of trial counsel. The motion to disqualify is based on Aurigem-ma’s allegation that his trial counsel has hired the trial judge’s husband multiple times as an expert witness for his clients in criminal cases. Aurigemma alleges that the trial judge’s husband has benefited financially from his relationship with Auri-gemma’s trial attorney, whose performance will be evaluated by the judge at the evidentiary hearing. This ongoing “business relationship” creates the requisite well-founded fear to support the motion to disqualify. Corte v. City of Riviera Beach, 954 So.2d 68 (Fla. 4th DCA 2007); Betkesda Mem’l Hosp., Inc. v. Cassone, 807 So.2d 142 (Fla. 4th DCA 2002).
Based on the foregoing, we grant the petition for writ of prohibition and direct *225 the Chief Judge of the Fifteenth Judicial Circuit to have this case reassigned to a successor judge.
WARNER and TAYLOR, JJ., concur.
STONE, J., dissents with opinion.