PER CURIAM.
Petitioner seeks prohibition following a trial court order denying his motion to disqualify the judge presiding in a post-dissolution proceeding. We grant the petition.
The underlying case involves a post-dissolution dispute between Petitioner and Respondent, over the timesharing of a minor child. After five years of inactivity in the case, Respondent filed a motion for visitation, seeking timesharing of the child for a holiday in 2013.
On April 19, 2013, the presiding judge sent a letter to Petitioner’s attorney disclosing the fact that she had been previously represented by the law firm that represented Respondent. In particular, one of the firm’s partners had represented the judge during her dissolution of marriage action. Due to an absence from the jurisdiction, Petitioner’s attorney did not receive the letter until May 2, 2013. That same day, Petitioner moved to disqualify the judge based on fears that he would not receive a fair hearing or trial because of the judge’s prior representation by Respondent’s counsel. Citing Florida Rule of Judicial Administration 2.330, the trial court denied the motion to disqualify.
Under Rule 2.330, a motion to disqualify filed on these grounds is required to be legally sufficient.
Respondent argues that the motion was insufficient because it was untimely. In particular, it alleges that the motion was filed more than 10 days after the judge’s April 19th letter.
*695 We disagree with Respondent’s position. Florida Rule of Judicial Administration 2.330(e) requires that a motion to disqualify be filed no later than 10 days after discovery of the facts that constitute grounds for the motion. Here, the judge’s letter was not discovered until May 2nd— the same date on which the motion to disqualify was filed.
Furthermore, the term legal sufficiency encompasses more than mere technical compliance with the rule and the statute. See Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981). Courts are also required to assess whether the facts alleged would prompt a reasonably prudent person to fear that he or she could not get a fair and impartial trial. Id. The fear of judicial bias must be objectively reasonable. Parker v. State, 3 So.3d 974, 982 (Fla.2009).
This Court’s jurisprudence suggests that Petitioner’s burden for disqualification was satisfied. The general rule is that disqualification is required if counsel for one of the parties is representing or has recently represented the judge. See City of Fort Lauderdale v. Palazzo Las Olas Group, LLC, 882 So.2d 1102 (Fla. 4th DCA 2004). In Atkinson Dredging Co. v. Henning, 631 So.2d 1129 (Fla. 4th DCA 1994), this Court found that the trial judge should be prohibited from presiding over a pending case because a law firm representing one of the parties was currently representing the judge in an unrelated matter. In that case, we found that “the appearance of justice proscribes the trial judge from continuing, even though the record may be void of any actual bias or prejudice on her part.” Id. at 1130. In Atkinson, this Court approved of Smith v. Sikorsky Aircraft, 420 F.Supp. 661 (C.D.Cal.1976), where a judge sua sponte ordered the case reassigned because a member of the law firm representing the plaintiff had previously acted as counsel for the judge.
As we emphasized in Atkinson, we agree that justice must satisfy the appearance of justice. In keeping with this principle, we conclude that Petitioner’s motion was sufficient and grant the petition for writ of prohibition.

Petition granted.

DAMOORGIAN, C.J., GROSS and CIKLIN, JJ., concur.