# Third District Court of Appeal

## State of Florida

Opinion filed June 28, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1077
Lower Tribunal No. 13-19660
_____

**Delia Reyes, an incapacitated person by and through Marta Reyes, her natural mother and court-appointed guardian, and Marta Reyes, as court-appointed guardian of Ignacio Reyes, a minor, and Isabella De Armas, a minor,**
Petitioners,

vs.

**Infinity Indemnity Insurance Company, Insurance USA & Associates, Inc., and Nicole Marie Antini,**
Respondents.


A Case of Original Jurisdiction—Prohibition

DeMahy Labrador Drake Victor Rojas & Cabeza, Pete L. DeMahy, and Frank L. Labrador, for petitioners.

White & Case LLP, Raoul G. Cantero, and Christopher W. Swift-Perez, for respondent, Infinity Indemnity Insurance Company.

Before LAGOA, LOGUE and LUCK, JJ.

PER CURIAM.

Because the sworn statements in plaintiff's verified motion to disqualify trial judge were legally insufficient to warrant recusal under Florida Rule of Judicial Administration 2.330,[1] and the court is unable to determine from this motion when plaintiff discovered the facts constituting the grounds for disqualification,[2] we deny the petition for writ of prohibition.

Plaintiffs' motion for reconsideration, however, raises for the first time new allegations that companies managed and controlled by the trial judge's spouse are

---

[1] See Kormondy v. State, 983 So. 2d 418, 433-34 (Fla. 2007) (affirming denial of ineffective assistance of counsel motion for failing to move to recuse trial judge where judge knew the victim, and the judge's wife worked in the State Attorney's Office); Clarendon Nat. Ins. Co. v. Shogreen, 1 So. 3d 366, 367 (Fla. 3d DCA 2009) (denying petition for writ of prohibition under the appellate judge recusal standard where the judge, "in private practice, signed a county court small claims complaint (alleging damages between $100 and $500) against the petitioner," and "[h]er husband and then-partner in the small law firm sought sanctions against the petitioner and allegedly expressed an intention to put the petitioner out of business"); Dykes v. Dykes, 395 So. 2d 188, 190 (Fla. 5th DCA 1981) (affirming denial of new trial motion where "appellant contended that because appellee's father was a circuit judge in the circuit where the action was heard, and because of his alleged 'intervention' in the proceedings, the appellee was not afforded justice and the ultimate custody determination was 'fore-ordained'"); see also In re Billedeaux, 972 F.2d 104, 104-05 (5th Cir. 1992) (denying petition for writ of prohibition where the trial judge's husband was partner in a firm that was actively representing one of the parties in unrelated cases); Diversifoods, Inc. v. Diversifoods, Inc., 595 F. Supp. 133, 134 (N.D. Ill. 1984) (denying motion to recuse where trial judge's husband was a member of the firm that represented the defendant in other matters, and "prior to the filing of this lawsuit, had some connection with the events underlying this litigation").

[2] See Howard v. State, 950 So. 2d 1260, 1262 (Fla. 5th DCA 2007) (Lawson, J.) (finding the motion to disqualify untimely because it did "not allege when the purported comment was made, and nothing in the record demonstrates that the motion was timely").

2

the actual plaintiffs – and therefore the trial judge and the trial judge's spouse have a financial interest – in a series of unrelated cases against a large client of the same firm representing Delia and Marta Reyes in this case. While we find these new allegations to be untimely for disqualification purposes under rule 2.330 because they were filed more than ten days after they were discovered by the Reyeses, "we note," as we have before, "that rule 2.330(i) permits a judge to enter an order of disqualification on his [or her] own initiative."[3] State v. Oliu, 183 So. 3d 1161, 1163 (Fla. 3d DCA 2016); see also Carlton v. Rogers (In re Estate of Carlton), 378 So. 2d 1212, 1220 (Fla. 1979) ("Even though a suggestion for disqualification is

---

[3] See Aurigemma v. State, 964 So. 2d 224, 224 (Fla. 4th DCA 2007) (granting prohibition "based on Aurigemma's allegation that his trial counsel has hired the trial judge's husband multiple times as an expert witness for his clients in criminal cases); Corie v. City of Riviera Beach, 954 So. 2d 68, 69 (Fla. 4th DCA 2007) (granting prohibition where motion to disqualify alleged the judge's father deeded to himself property located in the city's Community Redevelopment Area, the target of the redevelopment plan); Bethesda Mem'l Hosp., Inc. v. Cassone, 807 So. 2d 142, 143 (Fla. 4th DCA 2002) (granting prohibition where one of party's affiliate companies had a debt collection matter involving the judge's late wife's estate); J & J Towing, Inc. v. Stokes, 789 So. 2d 1196, 1197-98 (Fla. 4th DCA 2001) (granting prohibition where plaintiff's attorney sued the judge's wife, both in her individual capacity and as a member of the Broward County School Board); Lytle v. Rosado, 711 So. 2d 213, 214 (Fla. 3d DCA 1998) (granting prohibition where the trial judge's stepson had a claim pending against the insurance company which had retained counsel to represent the defendant in the action); Atkinson Dredging Co. v. Henning, 631 So. 2d 1129, 1130 (Fla. 4th DCA 1994) (granting prohibition based on motion to disqualify when one of the parties' law firms was the same firm representing the trial judge and her husband in a separate, unrelated action); Roudner v. MacKenzie, 536 So. 2d 299, 299 (Fla. 3d DCA 1988) (granting prohibition (but withholding writ) where the "petitioners' attorney in the pending matter is the daughter of the incumbent circuit judge who defeated the respondent judge's husband in a recent election").

3

legally insufficient, a judge may still voluntarily recuse himself if he believes it would be in the best interests for the administration of justice.").

Petition denied.