# Third District Court of Appeal
## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1111
Lower Tribunal No. 18-16380-CA-01
_____

## Universal Property & Casualty Insurance Company,
Petitioner,

vs.

## Robert Betancourt,
Respondent.

A Case of Original Jurisdiction – Prohibition.

Holland & Knight LLP, and Christopher N. Bellows and Lee P. Teichner and Taariq M. Lewis, for petitioner.

Alvarez Feltman Da Silva & Costa PL, and Paul B. Feltman, for respondent.


Before EMAS, SCALES and BOKOR, JJ.

EMAS, J.

Universal Property & Casualty Insurance Co. ("Universal") petitions this court for a writ of prohibition, challenging the trial court's denial of its motion for disqualification directed at the trial judge. We grant the petition because, contrary to the trial court's order, the facts alleged in the motion, which must be accepted as true, were legally sufficient to "place a reasonably prudent person in fear of not receiving a fair and impartial trial." Samra v. Bedoyan, 299 So. 3d 1138, 1140 (Fla. 3d DCA 2020) (citation omitted).[1]

---

[1] We reject, for two reasons, respondent's argument that the motion was filed untimely. First, we must accept the facts as alleged by petitioner in the sworn averments contained in the motion and attached affidavits, which establish that the motion was filed within twenty days after discovery of the specific facts constituting the underlying basis for the motion to disqualify. See Fla. R. Gen. Prac. & Jud. Admin. 2.330(g) ("A motion to disqualify shall be filed within a reasonable time not to exceed 20 days after discovery by the party or party's counsel, whichever is earlier, of the facts constituting the grounds for the motion."); see also Brown ex rel. Preshong-Brown v. Graham, 931 So. 2d 961 (Fla. 4th DCA 2006) (petition for prohibition granted notwithstanding respondent's argument that petitioners could have discovered the grounds for disqualification earlier, noting that the sworn motion alleged it was filed within ten days of discovery of the basis for disqualification and nothing in the record refuted that fact); Marcotte v. Gloeckner, 679 So. 2d 1225 (Fla. 5th DCA 1996) (accepting the sworn allegation of timeliness absent any indication in the record otherwise). Second, the trial court's denial of the motion to disqualify was not based upon untimeliness, but upon a determination that the motion was legally insufficient, and therefore, upon the record presented, the issue is not before us. See Roberts v. State, 840 So. 2d 962, 969 (Fla. 2002) (noting that the State argued in the trial court that defendant's motion to disqualify was untimely; nevertheless, because the trial court denied the motion to disqualify not as untimely but as legally insufficient, "the timeliness of the motion is not properly before us."); see also Chillingworth v. State, 846 So. 2d 674, 676 (Fla. 4th DCA 2003) ("This court has previously held that the

Petition granted. Writ issued.

---

cumulative effect of events occurring within a short space of time 'can cause a party to have a well-founded fear' that he will not receive fair and impartial handling of his case.") (quoting <u>Michaud-Berger v. Hurley</u>, 607 So. 2d 441, 446 (Fla. 4th DCA 1992).